Robert C. Kain, Jr. (pro hac vice)
rkain@complexip.com
Darren Spielman (pro hac vice)
dspielman@complexip.com
Kain Spielman, P.A.
900 Southeast 3rd Avenue, Ste 205
Fort Lauderdale, FL  33316
Tel:  954.768.9002
Fax: 954.768.0158

Sean E. Macias, Esq. (CA Bar#201973)
sean@maciascounsel.com
MACIAS COUNSEL, INC.
302 West Colorado Blvd.
Pasadena, CA  91105
Tel: 626.844.7707
Attorneys for Defendants

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

ADVANCED VISUAL IMAGE DESIGN, LLC, dba AVID INK, a California Limited Liability Company,

Plaintiff,

v.

EXIST, INC., *et al.*,

Defendants.

Case No.:  2:14-cv-02525-JGB-KK
*Honorable Kenly Kiya Kato Presiding*

*[DISCOVERY MOTION]*

**JOINT STIPULATION RE MOTION TO COMPEL SUPPLEMENTAL DISCOVERY RESPONSES FROM PLAINTIFF AVID AND DECLARATION OF DARREN SPIELMAN ESQ. IN SUPPORT THEREOF; DECLARATION OF DAVID SHEIN FILED IN OPPOSITION**

*[[Proposed] Order Submitted Concurrently Herewith]*

Hearing Date:  August 20, 2015
Time: 10:00 a.m.
Courtroom: 3/4 3rd Floor – Riverside

- i -

JOINT STIPULATION RE MOTION TO COMPEL SUPPLEMENTAL DISCOVERY RESPONSES
FROM ADVANCED VISUAL IMAGE DESIGN, LLC.

Discovery Cutoff:  November 30, 2015
Pretrial Conference:  Jan. 25, 2016
Trial Date:  Feb. 9, 2016

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on August 20, 2015[1] at 10:00 a.m., or as soon thereafter as the matter may be heard in the above-mentioned Court located at 3470 Twelfth Street, Riverside, CA 92501-3801, Defendant Exist, Inc. ("Exist") will and hereby does respectfully move for an order to compel supplemental discovery responses and production of documents from Plaintiff Advanced Visual Image Design, LLC d/b/a Avid Ink ("Avid"). This motion is necessary because Avid is withholding evidence to prevent Defendant from building a case and defenses. Avid brought this suit and to date has refused to turn over any documents, including the copyright registrations upon which this suit is based.  This conduct is reprehensible. An order compelling Avid to meet its discovery obligations under the Federal Rules is necessary.

The parties met and conferred prior to the filing of this joint stipulation pursuant to C.D. Cal. Local Rule 37-1 and Fed. R. Civ. P. §37 and as set forth in the Declaration of Darren Spielman, Esq. attached hereto. Exist has yet to receive the complete and substantive responses and document production to which it is entitled and which Avid is required to produce. Thus Exist has no choice left but to move this Court to compel Avid to meet its discovery obligations in this litigation.

This motion is based upon this Notice of Motion and Motion, the Declaration of Darren Spielman, Esq., all pleadings and papers on file in this action, and upon such other evidence and argument as may be presented to the Court at the time of hearing.

---

[1] Avid has currently filed its own motion to compel and is set for hearing before this court on August 6. Exist believes these matters should be heard together.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Respectfully submitted,

Kain Spielman, P.A.

Dated: July 24, 2015                    By:    */s/ Darren Spielman*
                                                Darren Spielman, Esq.
                                                Robert C. Kain, Jr., Esq.
                                                Attorneys for Defendants Exist, Inc. and
                                                Ross, Inc.

- iii -

# TABLE OF CONTENTS

I.      INTRODUCTION …………………………………………………1

     A. Exist's Introductory Statement ………………………...……….. 1

     B. Avid's Introductory Statement …………………………………..3

II.     INTERROGATORIES AND REQUESTS AT ISSUE…..……………….4

     A. Avid's Interrogatory Responses in Dispute. ………………………4

     B. Avid's Responses to Requests for Production in Dispute ………..10

     C. Avid's Responses to Second Requests for Production in Dispute..26

III.    CONCLUSION ……………………………………………………37

JOINT STIPULATION RE MOTION TO COMPEL SUPPLEMENTAL DISCOVERY RESPONSES
FROM ADVANCED VISUAL IMAGE DESIGN, LLC.

# I.    Introduction

## A. Exist's Introductory Statement

As of July 15, Avid has <u>not produced a single document</u> in this matter. Spielman Decl. ¶ 18.  Avid should not be permitted to allege the creation and ownership of designs and the infringement thereof without providing the most basic information including copyright registration certificates.  These are not confidential documents.

Avid was obligated to produce non-confidential documents at the time of answering discovery and Avid is obligated to produce confidential documents upon entry of the protective order.  Avid has known about these claims since at least 2012. The Complaint alleges in ¶ 15 "[i]n March of 2012 Plaintiff found Accused Garments C for sale at Ross, including but not limited to dresses sold under the "Cristinalove" label and Ross SKU No. 400074188411."  Spielman Decl. ¶ 20, Exh. 15.  Avid must have documents supporting its allegations and the delay in producing them is unacceptable. To date, Avid has produced no documents and yet it sat on this case for over three years.

Confidential documents have not been produced, because a protective order has not yet been entered.  Avid sat on a draft protective order for about 6 weeks, then decided to demand use of an alternative form.  Spielman Decl. ¶ 21. Then Avid requested exceptions to the form, namely, it wanted the ability to share certain highly confidential information with its client.  Now the draft protective order is with the Court for a final determination of language to be used in the exception section that Avid is demanding.  Spielman Decl. ¶ 21.  Any delay in production of confidential documents is solely due to Avid's delay.  Moreover, Avid has not produced a single non-confidential document.

In response to Exist's discovery, Avid has asserted boilerplate objections, delayed on acting on a protective order and is yet to produce non-confidential

JOINT STIPULATION RE MOTION TO COMPEL SUPPLEMENTAL DISCOVERY RESPONSES
FROM ADVANCED VISUAL IMAGE DESIGN, LLC.

information and documents including its copyright registrations, deposit copies of its designs at issue, and the related correspondence with the copyright office.  In fact, Avid brought this case, yet has refused to turn over a single document.  Spielman Decl. ¶ 18.

In an effort to resolve this discovery dispute without court intervention or to narrow the disputes, Exist provided Avid's counsel with a detailed meet and confer letter specifically identifying the deficiencies in Avid's discovery responses, namely, that not a single document was produced and the objections were not valid.  Spielman Decl. ¶ 8 and Exh. 7.  On May 27, 2015, the parties had a meet and confer teleconference pursuant to Local Rules 37-1.  Spielman Decl. ¶ 9.  During the teleconference, it was agreed that Avid's counsel would (1) provide feedback on the discovery objections and responses by June 1, 2015, (2) withdraw objections or provide a response as to why the objections must remain, whereupon the necessity of a motion to compel would be determined, and (3) Avid would be shortly providing non-privileged documents.  Spielman Decl. ¶ 9.  Exist even provided Avid with a supplemental definition that more closely aligned with their claimed "services" to overcome an issue that Avid claimed to be central to many of its objections.  Spielman Decl. ¶ 12, 13.  Despite Exist's attempt to resolve this matter, Avid has yet to produce a single document , nor supplement its discovery.  Spielman Decl. ¶¶ 8, 18.

A draft protective order is currently with the Court, which will facilitate the production of confidential information when entered. The present motion is brought to compel the production of basic information and documents that are not confidential and are essential to the claims and counterclaims in this case.

The Court must require that Avid meets its discovery obligations. Exist is entitled to an order compelling Avid to: (1) promptly provide proper and substantive supplemental responses without objections to Exist's interrogatories and first and second set of requests for production; and (2) produce all documents responsive to

JOINT STIPULATION RE MOTION TO COMPEL SUPPLEMENTAL DISCOVERY RESPONSES
FROM ADVANCED VISUAL IMAGE DESIGN, LLC.

Exist's requests for production.

## B.  Avid's Introductory Statement

Exist's motion should be denied as moot because Avid has supplemented the interrogatory responses at issue[2] , has produced responsive documents, as it repeatedly advised Defendants that it would before this motion was brought. Specifically, Avid has produced its copyright registrations, images of its designs, form CAs related to its registrations, and the relevant portions of a design log providing the release date of its designs. Avid has also produced invoices reflecting its sales of paper bearing its designs and its printing of same onto garments for its customers, and other documents. Shein Decl. ¶6. If Defendants wish to confer further Plaintiff is happy to do so, but the issues before the Court are no longer at issue.

To be sure, Plaintiff acknowledges that no documents have been provided in response to some document requests, but certain of those instances merely reflect that there are no such documents and Exist's motion does not (and cannot) establish otherwise. Without establishing that Avid has documents that it has wrongly refused to turn over, this motion must be denied.  In other instances – as is the case with Avid's tax records – documents have been properly withheld. The only reasons for Exist to persist with its motion are to harass Avid and to delay the hearing on Avid's motion to compel (Dkt. 47) which is presently set for hearing on August 6, 2015[3].

Notably, Exist only sent its portion of this joint stipulation after Avid served its motion to compel and then asked Avid if it would continue the hearing on Avid's motion for two weeks so that the motions could be consolidated. Exist's intent is clear: it wants to delay having to provide interrogatory responses and to produce

---

[2] Declaration of David Shein ("Shein Decl.") ¶7, Ex. 3

[3] Exist has indicated that it will seek to have the hearing on Avid's motion continued such that that motion and this motion would be heard on the same date. Avid has stated that it will not stipulate to a continuance.

-3-

responsive documents for as long as possible. Avid does not agree to a continuance, especially in light of the fact that it has now supplemented its responses and other than a dispute over whether Avid should be required to produce its tax records and financial statements – and it should not be so required – Exist's motion is moot.

Exist's motion is rife with boilerplate recitations regarding Avid's objections and it rarely states what documents it believes exist and are being withheld and thus fails to meet its burden to show that requested documents have been withheld.

Finally, Exist comes to this Court with unclean hands. Contrary to Avid, it has not produced a single document in discovery or provided any useful information in response to interrogatory requests. Exist has failed to provide any of the information or documents that it claims should be produced as matter of course in this motion. Shein Decl. ¶5.

As set forth in greater detail below, Avid has adequately supplemented its interrogatory responses and has produced responsive documents except for certain financial documents it maintains are privileged and wholly irrelevant to this action. Avid respectfully requests that, Exist's motion be denied.

## II.    INTERROGATORIES AND REQUESTS AT ISSUE

### A. Avid's Interrogatory Responses in Dispute

Interrogatory No. 2

IDENTIFY all witnesses with knowledge or information concerning YOUR distribution, and/or sale, including all sales agents or representatives, of AVID'S PRODUCTS.

Avid's Response to Interrogatory No. 2

Plaintiff objects to this request as overbroad. Plaintiff objects to this request as vague and ambiguous generally and specifically at to "AVID's PRODUCTS". Plaintiff objects to the extent this request seeks information shielded from disclosure by the

-4-

JOINT STIPULATION RE MOTION TO COMPEL SUPPLEMENTAL DISCOVERY RESPONSES
FROM ADVANCED VISUAL IMAGE DESIGN, LLC.

trade secret privilege and third party privacy rights. Plaintiff further objects to the extent the request seeks information protected from disclosure by the attorney client privilege. Without waiving the foregoing objections, to the extent Plaintiff understands this request, upon the entry of a suitable protective order, Plaintiff will produce non-privileged responsive documents sufficient to respond to this request pursuant to FRCP 33(d).

Exist's Contentions re Interrogatory No. 2

Avid asserts a set of general boilerplate objections to interrogatories, however, its failure to specify its objections is improper and amounts to a waiver of the objection. This failure to specify amounts to a waiver of all objections.  See, e.g., *Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc*., 2008 WL 2783206, *1 (N.D. Cal. 2008) (court condemned practice of "boilerplate objections"). A party objecting to a discovery request must "particularize" its basis for each objection. See *Burns v. Imagine Films Entertainment, Inc*., 164 F.R.D. 589, 593 (W.D.N.Y. 1996) (defendants did not meet their burden under Fed. R. Civ. P. 33(a) of making a specific showing of reasons why documents should not be produced where they merely made conclusory objections); *Pulsecard, Inc. v. Discover Card Servs*., 168 F.R.D. 295, 303 (D. Kan. 1996) (general objections do not satisfy specificity requirement of Fed. R. Civ. P. 33). Accordingly Avid should be ordered to withdraw its general overbroad objection.

Avid's objection that the request is vague and ambiguous generally and specifically as to "AVID'S PRODUCTS" is improper and Avid fails to specify how or why the definition is vague and ambiguous. See, *Paulsen v. Case Corp*., 168 F.R.D. 285, 289 (C.D.Cal. 1996); see also, e.g., *McLeod, Alexander, Powel Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (objections that requests were overly broad, burdensome, oppressive, and irrelevant were insufficient to meet party's burden to explain why discovery requests were objectionable).  Moreover, Exist sent Avid's

-5-

counsel a supplement to the definition of "AVID'S PRODUCTS" as used within discovery definitions in order to eliminate Avid's counsel's objections regarding same.  Spielman Decl. ¶ 11.  However, when served with a supplemental definition that more closely aligned with their claimed "services", Avid's counsel still did not supplement Avid's discovery responses, despite Avid counsel's allegation that the definition was "central to many objections" and that "[P]laintiff does not sell garments or fabrics.  It provides a service: sublimation printing."  Spielman Decl. ¶ 12, 13 and Exhibit 8 thereto.  By ignoring the supplemental definition, Avid is circumventing the obligations under Local Rule 37-1 to make a good faith effort to meet and confer and eliminate as many issues as possible.  Moreover, Avid's contention that it only provides a sublimation service is disingenuous and contrary to Avid's Complaint wherein it states "Prior to the alleged infringement, Plaintiff had formatted the Subject Designs for use on textiles, sampled the Subject Designs to prospective customers and **negotiated sales of fabric bearing the Subject Designs**."  Spielman Decl. ¶ 13 and Exh. 15 (emphasis added).  Accordingly, Avid's initial objection to the definition of AVID'S PRODUCTS was improper as they have alleged sales of fabric in the Complaint, not just a sublimation service.

Avid also claims a trade secret privilege, third party privilege and attorney-client privilege.  Avid fails to identify with specificity how the requested information is privileged.  The interrogatory asks for the identification of witnesses with knowledge or information concerning Avid's distribution, and/or sale of Avid's Products.  The identification of witnesses is not information that would likely qualify as a trade secret, third party privilege, and is clearly not attorney client privileged.

This interrogatory seeks relevant information and Avid's objections lack merit and the requisite specificity. Exist requests that the Court order Avid to provide a complete response by providing the stated responsive documents to this interrogatory.

-6-

Avid's Contentions re Interrogatory No. 2

Exist's request to compel a further response should be denied because Avid has supplemented its responses to provide a proper substantive response, and has produced its invoices reflecting its sales of paper bearing its designs at issue.

Interrogatory No. 11

IDENTIFY the date of publication individually and as part of a group for each of AVID'S DESIGNS.

Avid's Response to Interrogatory No. 11

Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to the extent this request seeks information shielded from disclosure by the attorney client privilege, attorney work product doctrine or trade secrets privilege. Without waiving the foregoing objections, Plaintiff will produce non-privileged responsive documents sufficient to respond to this request pursuant to FRCP 33(d) and upon the entry of a suitable protective order.

Exist's Contentions re Interrogatory No. 11

Avid asserts a set of general boilerplate objections to interrogatories, however, its failure to specify its objections is improper and amounts to a waiver of the objection. This failure to specify amounts to a waiver of all objections. See, e.g., *Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.,* 2008 WL 2783206, *1 (N.D. Cal. 2008) (court condemned practice of "boilerplate objections"). A party objecting to a discovery request must "particularize" its basis for each objection. *See Burns v. Imagine Films Entertainment, Inc.,* 164 F.R.D. 589, 593 (W.D.N.Y. 1996) (defendants did not meet their burden under Fed. R. Civ. P. 33(a) of making a specific showing of reasons why documents should not be produced where they merely made conclusory objections); *Pulsecard, Inc. v. Discover Card Servs.,* 168 F.R.D. 295, 303 (D. Kan.

-7-

1996) (general objections do not satisfy specificity requirement of Fed. R. Civ. P. 33). Accordingly Avid should be ordered to withdraw its general objections.

Avid's objection that the request is vague and ambiguous is improper and Avid fails to specify how or why the interrogatory is vague and ambiguous. See, *Paulsen v. Case Corp.,* 168 F.R.D. 285, 289 (C.D.Cal. 1996); see also, e.g., *McLeod, Alexander, Powel Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (objections that requests were overly broad, burdensome, oppressive, and irrelevant were insufficient to meet party's burden to explain why discovery requests were objectionable).

Avid also claims a trade secret privilege, third party privilege and attorney-client privilege. Avid fails to identify with specificity how the requested information is privileged. The interrogatory asks for the identification of the date of publication individually and as part of a group for each of Avid's Designs. The identification of the date of publication of Avid's Designs is not information that would likely qualify as a trade secret, third party privilege, and is clearly not attorney client privileged.

This interrogatory seeks relevant information and Avid's objections lack merit and the requisite specificity. Exist requests that the Court order Avid to provide a complete response by providing the stated responsive documents to this interrogatory.


Avid's Contentions re Interrogatory No. 11

Avid has supplemented its response to state its dates of first publication and it has produced documents including copyright registrations and form CAs reflecting the requested information. Avid's response is complete and this request to compel a response should be denied.

Further, Avid stands by its objections. This interrogatory is vague and ambiguous as phrased. Avid understands that the "date of publication" to be the first time that a design was published whether as a group or individually. This request appears to imply that there are, or could be, two separate first dates of publication. As

-8-

such it is vague and ambiguous.

Interrogatory No. 12

IDENTIFY the name of the individual(s) that investigated and/or purchased the EXIST ACCUSED GARMENTS that were pictured and identified in the Complaint.

Avid's Answer to Interrogatory No. 12

Plaintiff objects to the extent this request seeks information shielded from disclosure by the trade secret privilege and third party privacy rights. Plaintiff further objects to the extent the request seeks information protected from disclosure by the attorney client privilege. Without waiving the foregoing objections, Plaintiff will supplement its response upon the entry of a suitable protective order.

Exist's Contentions re Interrogatory No. 12

   Avid refuses to provide the name of the individual that investigated and/or purchased the Exist accused garments that were pictured and identified in the Complaint.  Spielman Decl. ¶ 20. Avid claims the identity of the individual is shielded by a trade secret privilege, third party privilege and attorney-client privilege.  Avid fails to identify with specificity how the requested information is privileged.  The interrogatory asks for the identification of name of the individual(s) that investigated and/or purchased the Exist accused garments that were pictured and identified in the Complaint.  The identification of name of the individual(s) that investigated and/or purchased the Exist accused garments is not information that would qualify as a trade secret, third party privilege, and is clearly not attorney client privileged.

   This is a witness in this case and the identity of this witness cannot be confidential.   Moreover, during the teleconference with Avid's counsel, Avid's counsel advised that this individual is an employee of Avid.  Spielman Decl. ¶ 10. The identity of an employee of Avid who is a witness in this case does not qualify as

confidential information.

Avid's Contentions re Interrogatory No. 12

Avid has supplemented its responses to identify the persons who purchased the Accused Garments. Avid has also produced its receipts from the purchase of the Accused Garments from Ross. The receipts provide the dates, times and locations of the purchases. Accordingly, Exist's requests for an order compelling a response should be denied.

**B.  Avid's Responses to Requests for Production in Dispute**

Request No. 1

All agreements with any other PERSON(s) that involved AVID'S rights to use AVID'S DESIGNS.

Avid's Response to Request No. 1

Plaintiff objects to this request as overbroad, vague and ambiguous, generally and specifically as to "with any other PERSON(s)". Plaintiff objects to this request to the extent it seeks information that is shielded from disclosure by the attorney-client privilege, the attorney work product doctrine and the trade secrets privilege.

Exist's Contentions re Request No. 1

Avid objected to this request claiming that it was overbroad, vague and/or ambiguous. These objections are blanket objections without any statements as to the basis. Avid fails to provide any legal and/or factual basis for these general objections. Thus, each of these objections is without merit. All of the language within the requests is stated clearly and in plain language. Further, Avid has a duty to respond to this discovery request in good faith. This includes interpreting the language of the request

-10-

JOINT STIPULATION RE MOTION TO COMPEL SUPPLEMENTAL DISCOVERY RESPONSES
FROM ADVANCED VISUAL IMAGE DESIGN, LLC.

by its plain language.

Avid objected to this Request, claiming that it sought confidential information which was shielded by the attorney-client privilege, the attorney work product doctrine, and/or trade secret doctrines. Each of these objections was a blanket objection without any supporting statements or rationale. Thus, each of these objections is without merit.

Withholding information on privilege grounds requires Avid to "describe the nature of the documents, communications, or tangible things not produced or disclosed[.]"  Fed. R. Civ. P. 26(b)(5)(A)(ii). Avid's responses failed to do this, and instead relied on blanket objections on privilege grounds. These objections also claim protection on trade secret grounds. "Trade secret or commercially sensitive information must be 'important proprietary information' and the party challenging the subpoena must make "a strong showing that it has historically sought to maintain the confidentiality of this information." *Gonzales v. Google, Inc*., 234 F.R.D. 674, 684 (N.D. Cal. 2006). Even if a trade secret was established, Avid has the burden of showing the probative value is outweighed by the intrusion. *Federal Open Market Committee v. Merrill*, 443 U.S. 340, 362 (1979).

Withholding production of documents because of the confidential nature of the information is improper. *Foltz v. State Farm Mut. Auto. Ins. Co*., 331 F.3d 1122, 1130 (9th Cir. 2003) ("broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test") (internal quotes omitted). Furthermore, this request seeks information that is probative, relevant, and discoverable under Fed. R. Civ. P. 26(b)(1).

Exist requests the Court to order Avid to provide a complete response by providing the stated responsive documents to this request.

Avid's Contentions re Request No. 1

Exist's contentions go on at length about Avid's objections but it does not

-11-

explain what agreements the request is referring to or clear up any of the ambiguity of the request. It has also failed to meet its burden of showing that there are in fact any responsive documents to compel. Following a reasonable search and dilignet inquiry, it appears that there are not. Thus, its request for a further response and an order compelling production should be denied.

Further, the request is overbroad, vague and ambiguous. It seeks agreements with "any other PERSON" but does not state other than who, thus leaving Avid to guess as to who the request applies to and to what agreements are being sought.

Avid's employees created its designs, thus Avid owns the designs and accordingly holds the rights to use its designs.

For the foregoing reasons, Exist's request that the Court order a further response or the production of documents should be denied.

Request No. 18

All Documents which constitute, show, or reflect any and all applications to register any of AVID'S DESIGNS for copyright protection within the last eight (8) years.

Avid's Response to Request No. 18

Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request to the extent it seeks information that is shielded from disclosure by the attorney-client privilege and the attorney work product doctrine. Without waiving the foregoing objections, to the extent Plaintiff has non-privileged responsive documents, they will be produced.

Exist's Contentions re Request No. 18

Avid has not produced any documents to date, including any copyright

-12-

registration certificates or copyright applications.   Spielman Decl. ¶¶ 8, 18.  As of July 14, Avid has not produced a single document in this matter.  Spielman Decl. ¶ 18. Avid should not be permitted to allege the creation and ownership of designs and the infringement thereof without providing the most basic information including copyright registration certificates.  These are not confidential documents.

Based upon the Court's Report to the Copyright Office, it appears Avid provided the Avid Copyright Registration numbers for the designs at issue to the Clerk of the Court in this matter.  Spielman Decl. ¶ 22 and Exh. 18.   On line 4 of this form Copyright Registration No. VA-1-038-980 is listed and further identified as a design at issue which Avid owns.  Spielman Decl. ¶22 and Exh. 18.  However, the Copyright Office electronic records show Copyright Registration No. VA-1-038-980 is owned by Orient Expressed Imports, Inc. and is titled "Ballet slippers design." Spielman Decl. ¶ 23 and Exh. 19. According to the Copyright Office records, Avid does not own Copyright Registration VA-1-038-980, nor does this registration appear related to this case.  In light of this, and in addition to the fact that Avid has refused to provide us with any documents or Copyright Registration numbers, Exist needs to obtain correct copyright registration numbers and the related applications, so that it can assess the claims at issue.

Avid objected to this request claiming that it was overbroad, vague and/or ambiguous. These objections are blanket objections without any statements as to the basis. Avid fails to provide any legal and/or factual basis for these general objections. Thus, each of these objections is without merit. All of the language within the requests is stated clearly and in plain language. Further, Avid has a duty to respond to this discovery request in good faith. This includes interpreting the language of the request by its plain language.

Avid objected to this Request, claiming that it sought confidential information which was shielded by the attorney-client privilege and the attorney work product

doctrine.  Each of these objections was a blanket objection without any supporting statements or rationale. Thus, each of these objections is without merit.

Withholding information on privilege grounds requires Avid to "describe the nature of the documents, communications, or tangible things not produced or disclosed[.]"  Fed. R. Civ. P. 26(b)(5)(A)(ii). Avid's responses failed to do this, and instead relied on blanket objections on privilege grounds.

Withholding production of documents because of the confidential nature of the information is improper. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003) ("broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test") (internal quotes omitted). Furthermore, this request seeks information that is probative, relevant, and discoverable under Fed. R. Civ. P. 26(b)(1).

Exist requests the Court to order Avid to produce all documents which constitute, show, or reflect any and all applications to register any of AVID'S DESIGNS for copyright protection within the last eight (8) years.

Avid's Contentions re Request No. 18

Avid has produced all responsive documents, including its certificate of registrations for each of its designs at issue including three form CAs related to its registrations. It has also produced images of its designs and various other forms and communications with Copyright office related to its registrations. Shein Decl., ¶6. Avid has complied with its obligations and produced responsive documents and respectfully requests that Exist's effort to compel production in response to this request be denied.

Avid does not know how or why Exist found a copyright registration for "Ballet slippers design."  Avid has produced its registration no. VAu 1-038-980 and the registration clearly identifies Avid as the owner of the designs that are the subject of

-14-

the registration.

Request No. 36

All Documents which constitute, show, or reflect YOUR advertising, promotion or marketing of AVID'S PRODUCTS, including all catalogs, advertisements, price sheets, flyers and brochures depicting or referring to AVID'S PRODUCTS within the last eight (8) years.

Avid's Response to Request No. 36

Plaintiff objects to this request as overbroad, vague and ambiguous generally and specifically as to "AVID'S PRODUCTS". Plaintiff objects to this request as unduly burdensome. Plaintiff objects to this request to the extent it seeks information that is shielded from disclosure by the attorney-client privilege, the attorney work product doctrine and the trade secret privilege. Without waiving the foregoing objections, to the extent Plaintiff understands this request and has non- privileged responsive documents, they will be produced upon the entry of a suitable protective order.

Exist's Contentions re Request No. 36

Avid's objection that the request is vague and ambiguous generally and specifically as to "AVID'S PRODUCTS" is improper and Avid fails to specify how or why the definition is vague and ambiguous. See, *Paulsen v. Case Corp.,* 168 F.R.D. 285, 289 (C.D.Cal. 1996); see also, e.g., *McLeod, Alexander, Powel Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (objections that requests were overly broad, burdensome, oppressive, and irrelevant were insufficient to meet party's burden to explain why discovery requests were objectionable). Moreover, Exist sent Avid's counsel a supplement to the definition of "AVID'S PRODUCTS" as used within discovery definitions in order to eliminate Avid's counsel's objections regarding

same.  Spielman Decl. ¶ 11.  However, when served with a supplemental definition that more closely aligned with their claimed "services", Avid's counsel still did not supplement Avid's discovery responses, despite Avid counsel's allegation that the definition was "central to many objections" and that "[P]laintiff does not sell garments or fabrics.  It provides a service: sublimation printing."  Spielman Decl. ¶ 12, 13 and Exhibit 8 thereto.  By ignoring the supplemental definition, Avid is circumventing the obligations under Local Rule 37-1 to make a good faith effort to meet and confer and eliminate as many issues as possible.  Moreover, Avid's contention that it only provides a sublimation service is contrary to Avid's Complaint wherein it states "Prior to the alleged infringement, Plaintiff had formatted the Subject Designs for use on textiles, sampled the Subject Designs to prospective customers and **negotiated sales of fabric bearing the Subject Designs**."  Spielman Decl. ¶ 13 and Exh. 15(emphasis added).  Accordingly, Avid's initial objection to the definition of AVID'S PRODUCTS was improper as they have alleged sales of fabric in the Complaint, not just a sublimation service.

Avid objected to this request, claiming that was unduly burdensome. This objection is a blanket objection without any statements as to why Avid felt the need to object. Thus, this objection is without merit.

Avid objected to this Request, claiming that it sought confidential information which was shielded by the attorney-client privilege, the attorney work product doctrine, and/or trade secret doctrines. Each of these objections was a blanket objection without any supporting statements or rationale. Thus, each of these objections is without merit. Withholding information on privilege grounds requires Avid to "describe the nature of the documents, communications, or tangible things not produced or disclosed[.]" Fed. R. Civ. P. 26(b)(5)(A)(ii). Avid's responses failed to do this, and instead relied on blanket objections on privilege grounds. This objection also claims protection on trade secret grounds. "Trade secret or commercially

sensitive information must be 'important proprietary information' and the party challenging the subpoena must make "a strong showing that it has historically sought to maintain the confidentiality of this information." *Gonzales v. Google, Inc*., 234 F.R.D. 674, 684 (N.D. Cal. 2006). Even if a trade secret was established, Avid has the burden of showing the probative value is outweighed by the intrusion. *Federal Open Market Committee v. Merrill*, 443 U.S. 340, 362 (1979).

Avid has put this topic at issue in this litigation.  Namely, Avid included allegations in the Complaint involving Avid's "showroom and/or design library," and Avid "sampled the Subject Designs to prospective customers and negotiated sales of fabric bearing the Subject Designs."  Spielman Decl. ¶ 20, 24, Exh. 15 (Sections 28 and 31 of the Complaint).  Clearly, Avid advertises or otherwise promotes its designs to customers and thus its promotions are discoverable and not privileged.

Exist is requesting advertising or catalogs in connection with Avid's designs and products put at issue by Avid.  There is no reason that these documents should not be produced.  Moreover, these documents are presumably public documents which are shared with customers.  Accordingly, these documents are not likely to be attorney-client privileged, attorney work product, nor trade secret privileged.

Exist requests that the Court order Avid to produce all documents which constitute, show, or reflect its advertising, promotion or marketing of AVID'S PRODUCTS, including all catalogs, advertisements, price sheets, flyers and brochures depicting or referring to AVID'S PRODUCTS within the last eight (8) years.

<u>Avid's Contentions re Request No. 36</u>

As it understands this request Avid has produced all responsive documents, including the images of its designs that it shows to its customers and the invoices related to its sales of paper bearing its designs and where applicable its sales of paper and printing services. Avid has provisionally marked the invoices as confidential

-17-

pending the Court's entry of a protective order. It will produce its price sheets upon the entry of a protective order. Avid's investigation is ongoing and it will supplement its production if and when it locates additional responsive documents.

Accordingly, Exist's request for an order compelling further documents should be denied.

Request No. 52

All Documents which constitute, show, or reflect any and all communications between YOU and EXIST with regard to EXIST'S DESIGNS.

Avid's Response to Request No. 52

Plaintiff objects to this request on the grounds that the documents requested are equally available to the requesting patty. Without waiving the foregoing, Plaintiff will produce its communications with Exist regarding the designs at issue in this case, if any exist.

Exist's Conventions re Request No. 52

Avid objects to this request stating that documents requested are equally available to the requesting party. This request asks for all documents which constitute, show, or reflect any and all communications between Avid and Exist with regard to EXIST'S DESIGNS. Following its objection, Avid states that it will produce its communications with Exist regarding the designs at issue in this case, if any exist. Request 52 necessarily includes the documents identified in Avid's Initial Disclosures made on April 17, 2015, namely, B.6. "Cease and Desist letters sent to Defendants providing notice that said Defendants are transacting in certain products of which infringe upon Plaintiff's intellectual property rights."  Spielman Decl. ¶ 25 and Exh. 14.  Avid has provided no documents from its Initial Disclosures, no documents in response to this request and no documents in response to discovery. Avid claims to

have put Exist on notice of its claims. Exist denies ever receiving such correspondence and is entitled to prove up its defenses.

Exist request that the Court order Avid to produce documents responsive to Request 52, including the documents identified in Avid's Initial Disclosures.

Avid's Conventions re Request No. 52

Avid has no responsive communications, including cease and desist letters, to produce. It will amend its initial disclosures accordingly. As such, Exist's request for an order compelling the production of documents should be denied since there is nothing to produce.

Request No. 57

Any and all Documents relating to any copyright applications or registrations for any drafts or earlier versions of the AVID'S DESIGNS, and communications with and/or materials deposited with the Copyright Office concerning the same.

Avid's Response to Request No. 57

Plaintiff objects to this request as overbroad, vague, and ambiguous. Plaintiff objects to this request to the extent it seeks information that is shielded from disclosure by the attorney-client privilege, the attorney work product doctrine, and the trade secret privilege. Without waiving the foregoing objections, Plaintiff will produce non-privileged responsive documents upon the entry of a suitable protective order.

Exist's Contentions re Request No. 57

Avid has not produced any documents to date, including any copyright registration certificates or copyright applications.   Spielman Decl. ¶¶ 8, 18.  As of July 14, Avid has not produced a single document in this matter.  Spielman Decl. ¶ 18.

Avid should not be permitted to allege the creation and ownership of designs and the infringement thereof without providing the most basic information including copyright registration certificates.  These are not confidential documents.

This request generally seeks copyright documents and correspondence, which encompasses the entire copyright file. Avid is obligated to produce the full copyright application, correspondence, and full deposit copy related to the copyrights that it asserts against Exist. Avid has put these copyrights at issue and Exist is entitled to discover relevant information concerning the copyrights, which includes the full copyright file.

Avid objected to this request claiming that it was overbroad, vague and/or ambiguous. These objections are blanket objections without any statements as to the basis. Avid fails to provide any legal and/or factual basis for these general objections. Thus, each of these objections is without merit. All of the language within the requests is stated clearly and in plain language. Further, Avid has a duty to respond to this discovery request in good faith. This includes interpreting the language of the request by its plain language.

Avid objected to this Request, claiming that it sought confidential information which was shielded by the attorney-client privilege and the attorney work product doctrine.  Each of these objections was a blanket objection without any supporting statements or rationale. Thus, each of these objections is without merit. Withholding information on privilege grounds requires Avid to "describe the nature of the documents, communications, or tangible things not produced or disclosed[.]"  Fed. R. Civ. P. 26(b)(5)(A)(ii). Avid's responses failed to do this, and instead relied on blanket objections on privilege grounds.

Withholding production of documents because of the confidential nature of the information is improper. Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003) ("broad allegations of harm, unsubstantiated by specific examples or

articulated reasoning, do not satisfy the Rule 26(c) test") (internal quotes omitted). Furthermore, this request seeks information that is probative, relevant, and discoverable under Fed. R. Civ. P. 26(b)(1).

Exist requests the Court to order Avid to produce any and all documents relating to any copyright applications or registrations for any drafts or earlier versions of the AVID'S DESIGNS, and communications with and/or materials deposited with the Copyright Office concerning the same.

Avid's Contentions re Request No. 57

Avid's M118788 design is based on its A109947 design. The only responsive documents that Avid is aware may exist would be a copyright registration for its A109947 design. Avid is continuing to search for that copyright registration for that design and will produce it once it is found. But Avid does not currently appear to have a copy of that certificate, and as such there is nothing for it to produce. Accordingly, this motion should be denied.

Request No. 58

Any and all Documents relating to the reasons for each correction contained in each Form CA filed with the Copyright Office for any of AVID'S DESIGNS, if any Form CA was filed.

Avid's Response to Request No. 58

Plaintiff objects to this request as overbroad, vague, and ambiguous. Plaintiff objects to this request to the extent it seeks information that is shielded from disclosure by the attorney-client privilege, the attorney work product doctrine, and the trade secret privilege. Without waiving the foregoing objections, Plaintiff will produce non-privileged responsive documents upon the entry of a suitable protective order.

<u>Exist's Contentions re Request No. 58</u>

Avid has not produced any documents to date, including any copyright registration certificates or copyright applications.   Spielman Decl. ¶¶ 8, 18.  As of July 14, Avid has not produced a single document in this matter.  Spielman Decl. ¶ 18. Avid should not be permitted to allege the creation and ownership of designs and the infringement thereof without providing the most basic information including copyright registration certificates.  These are not confidential documents.

Avid objected to this request claiming that it was overbroad, vague and/or ambiguous. These objections are blanket objections without any statements as to the basis. Avid fails to provide any legal and/or factual basis for these general objections. Thus, each of these objections is without merit. All of the language within the requests is stated clearly and in plain language. Further, Avid has a duty to respond to this discovery request in good faith. This includes interpreting the language of the request by its plain language.

Avid objected to this Request, claiming that it sought confidential information which was shielded by the attorney-client privilege and the attorney work product doctrine.  Each of these objections was a blanket objection without any supporting statements or rationale. Thus, each of these objections is without merit. Withholding information on privilege grounds requires Avid to "describe the nature of the documents, communications, or tangible things not produced or disclosed[.]"  Fed. R. Civ. P. 26(b)(5)(A)(ii). Avid's responses failed to do this, and instead relied on blanket objections on privilege grounds.

Withholding production of documents because of the confidential nature of the information is improper. *Foltz v. State Farm Mut. Auto. Ins. Co*., 331 F.3d 1122, 1130 (9th Cir. 2003) ("broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test") (internal quotes omitted).

-22-

Furthermore, this request seeks information that is probative, relevant, and discoverable under Fed. R. Civ. P. 26(b)(1).

Exist requests the Court to order Avid to produce any and all documents relating to the reasons for each correction contained in each Form CA filed with the Copyright Office for any of AVID'S DESIGNS, if any Form CA was filed.

Avid's Contentions re Request No. 58

Exist fails to describe what category of documents it believes are responsive to this request or what documents it believes exist and are being withheld. It has simply failed to meet its burden to show that the Court should compel the production of any documents. Notwithstanding its failure, Avid has now produced its Form CAs for its copyright registrations for the designs at issue and it has produced its art release log reflecting its dates of first publication.  It is unaware of the existence of any additional documents to the extent it understands the request, which it maintains is vague and ambiguous as to the meaning of "relating to the reasons" for Avid's corrections on its Form CAs.

Request No. 62

Any and all Documents that reflect employment related information for the individual(s) that purchased EXIST'S ACCUSED GARMENTS, including employment agreements, contractor agreements, 1099's, W-4's and/or any other employment related documents, as a result of AVID'S alleged investigation.

Avid's Response to Request No. 62

Plaintiff objects to this request as overbroad, vague, and ambiguous generally and specifically as to "employment related information". Plaintiff objects to the extent this request seeks information that is not relevant or likely to lead to the discovery of admissible evidence. Plaintiff objects to this request to the extent it seeks information

that is shielded from disclosure by the attorney-client privilege, trade secret privilege, and third-party privacy rights.

Exist's Contentions re Request No. 62

Avid objected to this request claiming that it was overbroad, vague and/or ambiguous as to "employment related information". These objections are blanket objections. Avid fails to provide any legal and/or factual basis for these general objections. Thus, each of these objections is without merit. All of the language within the requests is stated clearly and in plain language. Further, Avid has a duty to respond to this discovery request in good faith. This includes interpreting the language of the request by its plain language.

Avid objected to this request that it is not relevant or likely to lead to the discovery of admissible evidence.  However, in Avid's Complaint, Avid alleged that the EXIST ACCUSED GARMENTS were found at stores.  Spielman Decl. ¶ 20, Exh. 15.  Avid's Initial Disclosures state that Avid will be relying on garments purchased by Plaintiff which were manufactured and sold by Defendants bearing what Plaintiff contends to be an infringement of the subject artwork, including purchase receipts. Spielman Decl. ¶ 19. Exist is allowed to discover information pertaining to facts Avid put at issue and which it will be relying on to prove its case, including the individual that found and purchased the garments and the facts surrounding same.

Avid objected to this Request, claiming that it sought confidential information which was shielded by the attorney-client privilege and the attorney work product doctrine.  Each of these objections was a blanket objection without any supporting statements or rationale. Thus, each of these objections is without merit. Withholding information on privilege grounds requires Avid to "describe the nature of the documents, communications, or tangible things not produced or disclosed[.]"  Fed. R. Civ. P. 26(b)(5)(A)(ii). Avid's responses failed to do this, and instead relied on

-24-

blanket objections on privilege grounds.

Withholding production of documents because of the confidential nature of the information is improper. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003) ("broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test") (internal quotes omitted). Furthermore, this request seeks information that is probative, relevant, and discoverable under Fed. R. Civ. P. 26(b)(1).

Exist requests the Court to order Avid to produce any and all documents that reflect employment related information for the individual(s) that purchased EXIST'S ACCUSED GARMENTS, including  employment agreements, contractor agreements, 1099's, W-4's and/or any other employment related documents, as a result of AVID'S alleged investigation.

Avid's Contentions re Request No. 62

This request is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, is overbroad, and is violative of third party rights of privacy. Furthermore, it is inherently nonsensical in that it seeks "[a]ny and all Documents that reflect employment related information for the individual(s) that purchased EXIST'S ACCUSED GARMENT… **as a result** of AVID'S alleged investigation." [Emphasis Added]. Avid has no "employment related" documents **as a result** of its investigation and purchase of the Accused Garments and will supplement its response to state that it has no responsive documents.

Avid's objections are valid. This request is vague and ambiguous. It is not clear what employment related information as a result of its investigation and purchase means. Further, the request does not seek information that is relevant or likely to lead to the discovery of admissible evidence. What is relevant – and cannot be credibly disputed – is that Exist sold garments to Ross and that Ross in turn sold those

-25-

garments to the public, including to Cynthia Landaverde, an Avid employee (Ms. Landaverde has been disclosed in Avid's initial disclosures and its supplemental interrogatory responses). Receipts from the purchase have been produced in discovery and Exist's local counsel Sean Macias has inspected the garments on Exist and Ross' behalf.

In light of the foregoing, Exist's request that the production of documents be compelled, should be denied.


## C. Avid's Responses to Second Set of Requests for Production

Request No. 72

All of AVID's corporate tax returns indicating gross income and/or losses since 2007.

Avid's Response to Request No. 72

Plaintiff objects to this request as overbroad and not sufficiently tailored in scope and time. Plaintiff objects to this request on the grounds that it seeks information that is shielded from disclosure by the attorney-client privilege, the attorney work product doctrine, the trade secrets privilege, third party rights to privacy. Plaintiff further objects on the grounds that its tax returns are confidential and privileged. Plaintiff objects on the grounds that this request seeks documents and information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects on the grounds that the probative value, if any, of the requested documents is far outweighed by the burden that production of same would place on Plaintiff. Plaintiff further objects to the extent Defendant is seeking information regarding Plaintiffs profits and losses from its sales of paper bearing its subject designs or printing services regarding those designs, that information is available through other documents that have already been requested.

Plaintiff objects to this request on the grounds that it is unduly burdensome and harassing.

Exist's Contentions re Request No. 72

Avid failed to respond to this request.  Avid did not provide documents.  Avid simply objected to this request and nothing more.  As for Avid's objections, Avid's tax records are not attorney-client privileged, attorney work product doctrine, trade secrets privilege nor covered by a third party right to privacy. Tax records are not handled from attorney to client and therefore are not attorney client privileged or protected under work product doctrine. Tax records are not trade secrets as they are filed with the government. Tax records do not involve third party privacy rights as they are the company's own tax returns, no third party is involved.

Request 72 is completely relevant as Avid put its losses at issue in the case. The Complaint, at Prayer for Relief, ¶ 1(b), states "plus all losses of Avid".  Spielman Decl. ¶ 20, Exh. 15.  Even if Avid believes the tax records are confidential, they must be produced upon entry of the protective order. Avid objected claiming a burden and further explained in a teleconference that the burden was simply having Avid go to their accountants for the records.  Spielman Decl. ¶ 17.  However, there is relatively little burden on Avid to provide its tax records, as these documents are already prepared and kept in the ordinary course of a business. Even if Avid did not have those documents in its possession, going to its accountants cannot be viewed as unduly burdensome. Avid's counsel further supported his harassing objection in our teleconference on the basis of "I know you guys" and "the counterclaims are bogus." This is not a valid objection and Avid's reasoning is shockingly unsupportable.  All of the information produced in the tax records will not be available through other documents. Exist has the right to determine and verify Avid's alleged losses through its tax records and whether Avid claimed a loss within its tax records.

-27-

Avid is seeking its alleged lost profits. The Complaint, at Prayer for Relief, ¶ 1(b), states "plus all losses of Avid". Spielman Decl. ¶ 20, Exh. 15. The controlling law permits Exist to establish the alleged profits lost (if any) by Avid and costs expended. Under the Copyright Act, actual damages are assessed by, among other things, "'the extent to which the market value of a copyrighted work has been injured or destroyed by an infringement.'" *Cohen v. United States*, 100 Fed. Cl. 461, 476 (Fed. Cl. 2011) (quoting *United States v. King Features Entm't, Inc.*, 843 F.2d 394, 400 (9th Cir. 1988)). "The loss in market value of the copyrighted work is 'often measured by the profits lost as a result of the infringement.'" *Id*. at 477 (quoting *Data Gen. Corp. v. Grumman Sys. Support Corp*., 36 F.3d 1147, 1170 (1st Cir. 1994)). Thus, damages in this case may be established by a showing of incoming and outgoing cash flow. In *Joe Hand Promotions, Inc. v. Fishers Bucks Seafood,* No. 90-7849, 1991 WL 211646 (E.D. Pa. Oct. 16, 1991), the court concluded that then, including its tax returns, was discoverable because the plaintiff alleged actual damages "for loss of good will, advertising and present and future business profits." *Id*. at *1. Accordingly, Exist served a RTP upon Avid seeking the relevant documentation necessary to defend the claims raised by Plaintiff. Plaintiff, despite putting its finances squarely at issue in this case, has now objected to the RTP as unduly burdensome.

Even ignoring Exist's authority to obtain relevant discovery to review and use in its defense against Plaintiff's claims, "federal law does not require any demonstration beyond Rule 26(b) relevance to allow a party to obtain financial information, including tax records, through discovery." *Callaway v. Papa John's USA, Inc.,* 2010 WL 4024883, at *2 (S.D. Fla. Oct. 12, 2010). See also *Shearson Lehman Hutton v. Lambros*, 135 F.R.D. 195, 198 (M.D. Fla. 1990) (declining to recognize any "heightened standard" of privilege for tax returns and compelling said tax returns because they were at least calculated to lead to admissible evidence and were relevant to the parties' claims and defenses); see also *Playboy Enterprises, Inc. v. P.*

-28-

*K. Sorren Exp. Co. Inc. of Florida*, 546 F. Supp. 987, 998 (S.D. Fla. 1982) (also holding that "[i]n order to recover damages (apart from defendants' profits), the plaintiff must show that it suffered actual damages."). This can only be done by a review and analysis of the Avid's fiscal fluctuations and tax filings during the time in question and a time just prior to said time in question (2007 to present).

Any lost business profits will be claimed on Avid's tax filings. These annual tax deductions may be indicative of any alleged lost profits as claimed by Avid. Production of these documents permits Exist to then establish the damages alleged by Avid.

During the meet and confer telephone conference Avid refused to withdraw any of its objections. This included its continued and baseless objections about the definition of AVID's PRODUCTS, which is clearly without merit as described previously herein.

Exist requests the Court to order Avid to produce all of Avid's corporate tax returns since 2007.

Avid's Contentions re Request No. 72

Avid's tax records bear no relevance to this case and Exist has failed to show a need for them. Exist speculates that Avid's tax records would indicate what, if any, profits Avid lost as a result of Exist's infringement, but does not provide a credible basis for its speculation. Avid's tax records would bear no relevance to its damages, or lost profits and Exist's request for an order compelling the production of these records should be denied.

Exist cites to few ways in which damages may be calculated in copyright cases and states that Avid "can only [show that it has suffered actual damages] by a review and analysis of the Avid's fiscal fluctuations and tax filings during the time in question and a time just prior to said time in question (2007 to present)." This is

incorrect and not supported by any case law or other authority. It is also contradicted by Avid's *actual* recovery of actual damages in *Avid v. Exist 1*, and the relevant jury instructions and case law regarding actual damages.

Avid's lost profits that it seeks by way of its complaint are those profits it would have made had Exist purchased paper and printing services from Avid rather than from an overseas supplier. This is consistent with the law and model jury instructions in this district as well the jury instructions given to the jury in the first case between the parties. The Ninth Circuit's Manual of Model Jury Instructions and the instruction given to the Jury in the first case between Avid and Exist (see, Shein Decl. ¶4, Ex. 2, p. 53, instruction 38) provides:

> The copyright owner is entitled to recover the actual damages suffered as a result of the infringement. Actual damages means the amount of money adequate to compensate the copyright owner for the reduction of the fair market value of the copyrighted work caused by the infringement. The reduction of the fair market value of the copyrighted work is the amount a willing buyer would have been reasonably required to pay a willing seller at the time of the infringement for the actual use made by the defendant of the plaintiff's work. That amount also could be represented by the lost license fees the plaintiff would have received for the defendant's unauthorized use of the plaintiff's work.

Manual of Model Jury Instructions of the Ninth Circuit, Instr. 17.23 (2007); 17 U.S.C. § 504(b).

In *Avid v. Exist 1*, Avid was awarded $883,571.00 in actual damages for the profits it would have made had Exist purchased printing paper and printing services from Avid – in other words, "the amount a willing buyer would have been required to pay a willing seller at the time of infringement…" No tax records or financial statements were necessary or are necessary to prove what a willing buyer would have been required to pay at the time of infringement.

Avid presented its price sheets (stating the cost of paper and printing services) at trial as evidence for what Exist would have been required to pay Avid had Exist

ordered Avid's paper and its printing services from Avid at the time of infringement, rather than buying cheap knockoffs from abroad. Avid intends to make the same claim at trial in this case. Shein Decl. ¶3. Avid's tax records have absolutely no bearing on its actual damages and losses it claims to have suffered as a result of Exist's infringement and it should not be required to produce such sensitive information.

There is a strong policy against requiring the production of tax returns, which can be overcome only where the moving party has identified that there is no other available source for that information. See *San. Fran. Bay Area Rapid Transit Dist. v. Spencer*, No. C 04-04632SI, 2006 WL 3050860, at *1 (N.D. Cal. Oct. 23, 2006) (denying motion to compel production of tax returns, stating that "[t]here is a strong public policy disfavoring disclosure of tax returns," and stating that "the Court can only require the production of tax returns if they are relevant, and if there is a compelling interest because the information is not otherwise obtainable"); *S. Cal. Housing Rights Ctr. v. Krug*, No. CV06-1420SJO JCX, 2006 WL 4122148, at *3 (C.D. Cal. Sept. 5, 2006) (denying a motion to compel and stating, "Courts generally apply a two-pronged test to assure a balance between the liberal scope of discovery and the policy favoring the confidentiality of tax returns.... First, the court must find that the returns are relevant to the subject matter of the action. Second, the court must find that there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable." (citations omitted)); Id. (noting that although defendant's "financial condition and net worth, including documents such as tax returns, is relevant to plaintiff's claim for punitive damages" there is "no compelling need for defendants' tax returns at this time," particularly since "[p]laintiff has suggested it can access the necessary financial information through other less intrusive means"); *Premium Serv. Corp. v. Sperry & Hutchinson Co*., 511 F.2d 225, 229 (9th Cir. 1975) (holding that a district court did not abuse its discretion in quashing a subpoena for tax returns based on the "primacy" of the "public policy

-31-

against unnecessary public disclosure" of tax returns, which is designed to "encourage taxpayers to file complete and accurate returns").

Here, Exist has not articulated any basis to overcome the presumption by courts that tax returns should not be produced. It cannot provide such a basis or a need for Avid's tax returns because the information related to Avid's lost profits is already in Exist's possession (i.e, the number of units of infringing garments it purchased from abroad) and once Avid becomes aware of the dates on which Exist purchased its garments from its manufacturer, and upon the entry of a protective order, Avid will produce its price sheets from the applicable time periods. Evidence of Avid's losses can be accessed by less intrusive means and Exist's request for an order compelling Avid's tax records should be denied.

Moreover, Exist's purported need for Avid's tax records is eviscerated by simple logic. That the request is overbroad is demonstrated by the same logic. To wit, Exist is seeking tax records since 2007. However, Avid would not have been aware of any losses attributable to Exist's infringement until March 25, 2012 at the earliest – the date it first purchased one of the accused garments at issue. And to date Avid is not aware of the extent of Exist's purchases and sales of the Accused Garments (because Exist refuses to cooperate in discovery) and thus would not have been able to, and is not now able to, put a dollar value on its losses (as those losses appear be defined by Exist in this motion) in tax returns or otherwise. Accordingly, Exist cannot possibly establish that any of Avid's losses as a result of Exist's infringement in this case would even be mentioned in any of Avid's tax returns, let alone its tax returns that preceded its March 2012 discovery of two of Exist's infringements in this case. The other three infringements were found in April of 2013.

Finally with respect to Exist's assertion that the undersigned counsel stated that the request is harassing because "I know you guys" and "the counterclaims are bogus", the undersigned does not dispute that he knows Exist and that he believes that

the counterclaims are completely meritless and like Exist's request for tax records, is designed to harass Avid. The undersigned does dispute the particular quotations attributed to him.

For all of the foregoing reasons, Exist's request for an order compelling Avid to produce its tax records should be denied. If for any reason the Court does order the production of Avid's tax records, Avid requests that the entirety of the records and information derived therefrom be maintained by Defendants as "Highly-Confidential" as that term is defined in Plaintiff's proposed protective order which will have been filed prior to the hearing on this motion.

Request No. 74

All financial statements including, but not limited to, profit gain/loss statements, balance sheets, financial reports, financial summaries or any other report or document showing any financial measure, metric, or status of AVID since 2007.

Avid's Response to Request No. 74

Plaintiff objects to this request to the extent it seeks information that is shielded from disclosure by the attorney-client privilege, the attorney work product doctrine, the trade secrets privilege, and third party rights to privacy. Plaintiff further objects to the request as vague, ambiguous, and overbroad, and not sufficiently limited in scope and time. Plaintiff objects to this request unduly burdensome and harassing generally and specifically because it seeking the production of documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence and responding to this request would impose a significant expense on Plaintiff in terms of the man power, time and funds required to collect the requested documents and to review them for privilege. The request seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

<u>Exist's Contentions re Request No. 74</u>

Avid failed to respond to this request.  Avid failed to provide any documents. Avid simply objected to this request and nothing more.  Avid's financial statements are not attorney-client privileged, attorney work product doctrine, trade secrets privilege nor third party right to privacy. Financial statements are not handled from attorney to client and therefore are not attorney client privileged or work product doctrine. Financial statements are not per se trade secrets. Financial statements do not involve third party privacy rights as they are the company's own financial records, no third party is involved. This request is completely relevant as Avid put its losses at issue in this case. The Complaint, at Prayer for Relief, ¶ 1(b), states "plus all losses of Avid". Spielman Decl. ¶ 20, Exh. 15.

Even if Avid believes the tax records are confidential, they must be produced upon entry of the protective order. Avid objected claiming a burden and further explained in a teleconference that the burden was simply having Avid go to their accountants for the records.  Spielman Decl. ¶ 17.  However, there is relatively little burden on Avid to provide its tax records, as these documents are already prepared and kept in the ordinary course of a business. Even if Avid did not have those documents in its possession, going to its accountants cannot be viewed as unduly burdensome. Avid's counsel further supported his harassing objection in our teleconference on the basis of "I know you guys" and "the counterclaims are bogus." This is not a valid objection and Avid's reasoning is shockingly unsupportable.  The request is not vague, ambiguous or overbroad and is limited in time (back to 2007) and scope (financial statements). All of the information produced in the financial statements will not be available through other documents. Exist has the right to determine and verify Avid's alleged losses through its financial statements, as Avid requested relief for its losses. As such, this request is completely relevant and will lead to admissible evidence.

During the meet and confer telephone conference Avid refused to withdraw any of its objections. This included its continued and baseless objections about the definition of AVID's PRODUCTS, which is clearly without merit as described previously herein.

Exist requests the Court to order Avid to produce all financial statements including, but not limited to, profit gain/loss statements, balance sheets, financial reports, financial summaries or any other report or document showing any financial measure, metric, or status of AVID since 2007, upon entry of the protective order.

Avid's Contentions re Request No. 74

Exist's request for an order compelling Avid to produce its financial records should be denied. Exist fails to make a showing as to why the records are relevant to the losses claimed by Avid in its complaint. The best it can muster is to state that "[t]his request is completely relevant as Avid put its losses at issue in this case". It fails to recognize that Avid's Complaint seeks damages "due to Defendants' acts of infringement" (see e.g., Dkt 1 ¶¶34 and 35), thus limiting its claims to damages resulting from the infringement and not simply any business losses whatsoever.

Again, Avid's losses due to Exist's infringement will be measured by the profits it would have earned had Exist ordered paper and printing services from Avid at the time(s) of infringement – the fair market value for the paper and the printing. There is nothing in the vast array of financial documents sought by Exist that is necessary or relevant to Avid's damages claims in this case.

Exist is seeking highly-sensitive financial information spanning seven years and has not provided any reason why Avid should go to the trouble and expense of locating, organizing and reviewing its financial documents, let alone documents dating back to 2007. This request is plainly overbroad and is not reasonably calculated to lead to the discovery of admissible evidence. It is also vague and ambiguous and as

drafted ("report or document showing any financial measure, metric, or status of AVID since 2007") would appear to call for the production of any note, memo, or statement that in any way mentions Avid's financial condition at any given time for the past seven years.

Exist does not provide any authority to establish its position that Avid's financial statements – accounting data - are not trade secrets or otherwise privileged. Avid is a limited liability company, not a public corporation. Its financial statements are not available to the public, are kept private and are commercially sensitive. Its financial statements are privileged. See, e.g., *Bauer Bros. LLC v. Nike, Inc.*, No. 09cv500-WQH-BGS, 2012 WL 1899838, at *3-4 (S.D. Cal. May 24, 2012) (in agreeing to seal certain deposition testimony as privileged trade secrets the court stated that "the financial data sought to be sealed by Nike could be used for improper purposes of Nike's business competitors, as it includes . . . business sales and accounting data. . . and costs analysis"). Here, Avid's financial statements, including accounting data, are trade secrets.

For the foregoing reasons, Exist's request for an order compelling Avid's financial statements should be denied. If for any reason the Court does order the production of Avid's financial statements, Avid requests that the entirety of the records and information derived therefrom be maintained by Defendants as "Highly-Confidential" as that term is defined in Plaintiff's proposed protective order which will have been filed prior to the hearing on this motion.

## III.   CONCLUSION

This Court should issue an order:

1.  Compelling Avid to, within ten (10) days of this Court's order, 1) fully answer Exist's interrogatories numbers 2, 11, 12; 2) fully answer Exist's first request for production numbers 1, 18, 36, 52, 57, 58, 62 and second request for production numbers 72 and 74, and produce all responsive documents to these requests; and

2.  Setting such other relief as this Court deems just and proper in accordance with the Federal Rules of Civil Procedure and equity.

<u>Avid's Conclusion</u>

This Court should issue an order:

1.      Denying all relief requested by Exist; and

2.      Setting such other relief as this Court deems just and proper in accordance with the Federal Rules of Civil Procedure and equity.

                                        Respectfully submitted,


Dated: July 24, 2015                    KAIN SPIELMAN, P.A.


                                        By: <u>/s/Darren Spielman</u>
                                        Darren Spielman, Esq.
                                        Attorneys for Defendant Exist, Inc.


                                        DONIGER / BURROUGHS


Dated: July 24, 2015                    By: <u>/s/ David Shein</u>
                                        Stephen M. Doniger, Esq.
                                        David Shein, Esq.
                                        Attorneys for Plaintiff Advanced Visual
                                        Image Design, LLC

-37-

JOINT STIPULATION RE MOTION TO COMPEL SUPPLEMENTAL DISCOVERY RESPONSES
FROM ADVANCED VISUAL IMAGE DESIGN, LLC.