UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 14-2525-JGB (KKx) | Date | August 5, 2015 |
|---|---|---|---|
| Title | ADVANCED VISUAL IMAGE DESIGN, LLC, dba AVID INK v. EXIST, INC., *et al.* | | |

| Present: The Honorable | Kenly Kiya Kato, United States Magistrate Judge | |
|---|---|---|
| Deb Taylor | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Applicant: | Attorneys Present for Respondent: |
|---|---|
| None Present | None Present |

**Proceedings:** **(In Chambers) Order: (1) Granting in Part and Denying in Part Plaintiff's Motion to Compel and for Sanctions (Dkt. 47); (2) Vacating August 6, 2015 Hearing Regarding Plaintiff's Motion; and (3) Denying as Moot Defendant Exist, Inc.'s *Ex Parte* Application to Continue Hearing (Dkt. 52)**

## I.
## SUMMARY OF RULING

For the reasons set forth below, the Court **GRANTS** Plaintiff's Motion to Compel and for Sanctions filed on July 16, 2015, with the exception of Interrogatory No. 4. The hearing on this matter scheduled for August 6, 2015 is **VACATED**. Defendant Exist, Inc.'s *Ex Parte* Application to continue the hearing on this matter is **DENIED** as moot.

## II.
## RELEVANT PROCEDURAL BACKGROUND

On December 8, 2014, Plaintiff Advanced Visual Image Design, LLC ("AVID") filed a Complaint asserting copyright infringement claims against defendants Exist, Inc. ("Exist") and Ross Stores, Inc. ("Ross") (collectively, "Defendants"). (ECF Docket No. ("Dkt.") 1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 14-2525-JGB (KKx) | Date | August 5, 2015 |
|---|---|---|---|
| Title | ADVANCED VISUAL IMAGE DESIGN, LLC, dba AVID INK v. EXIST, INC., *et al.* | | |

On January 20, 2015, Defendants filed a Motion to Dismiss the Complaint. (Dkt. 18). On March 2, 2015, the Court denied Defendants' Motion to Dismiss. (Dkt. 28).

On March 16, 2015, Ross filed an Answer to the Complaint. (Dkt. 30). On March 20, 2015, Exist filed an Answer to the Complaint and a Counterclaim against AVID. (Dkt. 36). On April 9, 2015, AVID filed an Answer to the Counterclaim. (Dkt. 37).

On May 4, 2015, the Court held a Scheduling Conference. (Dkt. 42). The Court scheduled trial for February 9, 2016 with a discovery cut-off of November 30, 2015. (Dkt. 41).

On July 7, 2015, AVID filed a Motion for a Protective Order due to the parties' inability to reach an agreement on one provision Defendants requested be included. (Dkt. 43). On July 16, 2015, AVID filed a Supplement in support of the Motion for Protective Order. (Dkt. 46). On July 17, 2015, the Court granted AVID's Motion for a Protective Order and ordered the parties to file a draft of the Stipulated Protective Order no later than July 24, 2015. (Dkt. 48). On July 24, 2015, AVID lodged a draft of the Stipulated Protective Order. (Dkt. 51). On July 31, 2015, the Court declined to issue the proposed Stipulated Protective Order citing two deficiencies. (Dkt. 55).

On July 16, 2015, AVID filed a Motion and Joint Stipulation to Compel Supplemental Discovery Responses from Exist and for Sanctions in the amount of $5,022.00. (Dkt. 47). On July 23, 2015, AVID filed a Supplemental Brief in support of its Motion to Compel. (Dkt. 49). The matter stands submitted and ready for decision.

On July 24, 2015, Exist filed a Motion and Joint Stipulation to Compel Supplemental Discovery Responses from AVID. (Dkt. 50). The hearing on Exist's Motion is scheduled for August 20, 2015.

On July 27, 2015, Exist filed an *Ex Parte* Application to continue the hearing on AVID's Motion to August 20, 2015, so both Motions could be heard together. (Dkt. 52). On July 28, 2015, AVID filed an Opposition to Exist's Application. (Dkt. 54).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 14-2525-JGB (KKx) | Date | August 5, 2015 |
|---|---|---|---|
| Title | ADVANCED VISUAL IMAGE DESIGN, LLC, dba AVID INK v. EXIST, INC., *et al.* | | |

///
///
///

# III.
# RELEVANT FACTUAL BACKGROUND

On April 20, 2015, AVID served Exist with Interrogatories, Requests for Production, and Requests for Admission. (Dkt. 47-6, 47-7, 47-8). On May 20, 2015, Exist served its Responses. (Dkt. 47-14, 47-15, 47-16).

On May 29, 2015, AVID sent Exist a letter setting forth the perceived deficiencies in Exist's responses. (Dkt. 47-17). On June 4, 2015 and June 10, 2015, the parties met and conferred telephonically. (Dkt. 41-1, Declaration of David Shein, Esq. in support of AVID's Motion to Compel ("Shein Decl."), at ¶¶ 10-19; Dkt. 47-2, Declaration of Darren Spielman in support of Opposition to Motion to Compel ("Spielman Decl."), at ¶ 3). During the meet and confer, Exist agreed to supplement its responses to Interrogatory Nos. 1, 2, and 3. Spielman Decl., ¶¶ 12, 13, 15. Exist also agreed to produce documents responsive to Requests for Production Nos. 28 (as to communications with the Copyright Office), 56 and 57 "shortly." Spielman Decl., ¶¶ 18, 20.

As of July 28, 2015, Exist has not supplemented its Responses or produced any documents. (Dkt. 54-1, Declaration of David Shein, Esq. in support of AVID's Opposition to Exist's *Ex Parte* Application ("Shein Ex Parte Decl."), at ¶ 1).

# IV.
# LEGAL STANDARD

Federal Rule of Civil Procedure 26(b) provides that parties may obtain discovery regarding any matter that is not privileged and is relevant to the claim or defense of any party involved in the pending action. Fed. R. Civ. P. 26(b)(1). The information sought need not be admissible at trial as long as it appears reasonably calculated to lead to the discovery of admissible evidence. *Id.* A "relevant matter" under Rule 26(b)(1) is any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 14-2525-JGB (KKx) | Date | August 5, 2015 |
|---|---|---|---|
| Title | ADVANCED VISUAL IMAGE DESIGN, LLC, dba AVID INK v. EXIST, INC., *et al.* | | |

matter that "bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389, 57 L. Ed. 2d 253 (1978) (citation omitted). Relevancy should be "construed 'liberally and with common sense' and discovery should be allowed unless the information sought has no conceivable bearing on the case." *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995) (quoting *Miller v. Pancucci*, 141 F.R.D. 292, 296 (C.D. Cal. 1992)).

"The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *DirecTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002) (citations omitted). "[G]eneral or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections." *A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) (citations omitted). "Similarly, boilerplate relevancy objections, without setting forth any explanation or argument why the requested documents are not relevant, are improper." *Id.* (faulting defendant for making "boilerplate objections to almost every single request for production, including broad relevancy objections, objections of 'overly burdensome and harassing,' 'assumes facts not in evidence,' privacy, and attorney-client privilege/work product protection").

Rule 37(a)(1) permits a party to move for an order compelling discovery, upon certification that the movant has in good faith conferred or attempted to confer with the opposing party in an effort to obtain the requested discovery without court action. Fed. R. Civ. P. 37(a)(1). Additionally, under Rule 37(a)(5), if a motion to compel is granted, or if the requested discovery is provided after the motion was filed, the Court must require the party whose conduct necessitated the filing of the motion to pay reasonable expenses, including attorney's fees. Fed. R. Civ. P. 37(a)(5). However, the Court must not order payment if the nondisclosure was substantially justified or if other circumstances make an award unjust. *Id.*

# V.
# DISCUSSION

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 14-2525-JGB (KKx) | Date | August 5, 2015 |
|---|---|---|---|
| Title | ADVANCED VISUAL IMAGE DESIGN, LLC, dba AVID INK v. EXIST, INC., *et al.* | | |

**A.     Common Issues**

Exist makes various meritless objections to multiple discovery requests.

First, Exist argues AVID filed the Motion without waiting for Exist's supplemental responses. Joint Stip. at 8. On June 4, 2015 and June 10, 2015, Exist agreed to supplement its responses. Shein Decl., ¶¶ 12-19; Spielman Decl., ¶ 3. Two months later, Exist has not supplemented its responses or produced any documents. Shein Ex Parte Decl., ¶ 1. Exist cites three reasons for the delay: (1) summer travel plans (Joint Stip. at 8; Spielman Decl., ¶ 8); (2) Exist's counsel is waiting for his client to produce documents (Spielman Decl., ¶ 19); and (3) AVID's alleged delayed entry of a protective order (Joint Stip. at 8-9; Spielman Decl., ¶ 9). None of these arguments justify a two-month delay in supplementing its responses or producing non-confidential documents.

Second, Exist complains AVID has not yet responded to similar interrogatories propounded by Exist. Joint Stip. at 9; Spielman Decl., ¶ 10. To the extent Exist believes this is a defense to its duty to respond in good faith to discovery requests, it is not. Exist has filed a Motion to Compel and the Court will reach the merits of Exist's Motion when it is submitted and ready for decision.

Third, Exist attempts to incorporate its general objections by reference into every Response. (Dkt. 47-14, 47-15, 47-16). The Court will disregard these boilerplate general objections. *A. Farber and Partners, Inc.*, 234 F.R.D. at 188.

**B.     Interrogatories**
    **1.     Interrogatory No. 1**

Interrogatory No. 1 seeks identification of witnesses with knowledge of Exist's purchase, distribution, or sale of the products at issue in this litigation. (Dkt. 47-6 at 6). AVID argues the information is relevant to locating witnesses likely to have information regarding the timing of the creation of the designs at issue and the dates on which the products were imported and sold. Joint Stip. at 13.

Exist objects on the grounds the request "is overbroad and unduly burdensome in that it requests that EXIST identify all witnesses" and identifies only its person most

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 14-2525-JGB (KKx) | Date | August 5, 2015 |
|---|---|---|---|
| Title | ADVANCED VISUAL IMAGE DESIGN, LLC, dba AVID INK v. EXIST, INC., *et al.* | | |

knowledgeable. (Dkt. 47-14 at 5). On June 4, 2015, Exist agreed to supplement its response to include "additional" witnesses. Shein Decl., ¶ 12. To date, Exist has not supplemented its response. Shein Ex Parte Decl., ¶ 1.

Exist fails to provide any evidence to support its boilerplate, conclusory objection that the interrogatory is overbroad and burdensome. *A. Farber and Partners, Inc.*, 234 F.R.D. at 188 ("[G]eneral or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections.") (citations omitted). Exist has thus failed to meet its "burden to show that discovery should not be allowed," *i.e.*, that AVID's request has "no conceivable bearing on the case." *DirectTV*, 209 F.R.D. at 458.

Therefore, the Court **GRANTS** AVID's Motion as to Interrogatory No. 1.

### 2. Interrogatory No. 2

Interrogatory No. 2 seeks a description of how each design in dispute "was created, broken down by design, by listing each pre-existing public domain or licensed element used in the design, IDENTIFYING the source of each pre-existing element, IDENTIFYing each PERSON who contributed to the creation of the design, the specific step(s) that each PERSON took in the creation of the design, and the date each design was finalized." (Dkt. 47-6 at 6).

Exist objects on the grounds the Interrogatory is "impermissibly complex, in that it incorporates multiple, discrete topics into a single numbered request." (Dkt. 47-14 at 5-6). "Notwithstanding these objections, to the extent that such information is available, and after the entry of a suitable protective order by the Court, EXIST will produce non-privileged documents, pursuant to Fed. R. Civ. P. 33(d) which identify the creation of each of the Subject Designs." *Id.*

On June 4, 2015, Exist agreed to supplement its response to include: (1) the names of the designer(s) and their contact information, (2) steps that were taken to create the work, and (3) the date the work was created. Joint Stip. at 17; Spielman Decl., ¶ 13. Exist also agreed to produce documents showing any pre-existing or licensed work

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 14-2525-JGB (KKx) | Date | August 5, 2015 |
|---|---|---|---|
| Title | ADVANCED VISUAL IMAGE DESIGN, LLC, dba AVID INK v. EXIST, INC., *et al.* | | |

incorporated in its designs after entry of a protective order. *Id.* To date, Exist has not supplemented its response or produced any documents. Shein Decl., ¶ 1.

The Court rejects Exist's argument that the interrogatory is impermissibly complex. Each subpart merely clarifies the level of detail requested in the description of how the Subject Designs were created. "Interrogatory subparts are to be counted as one interrogatory . . . if they are logically or factually subsumed within and necessarily related to the primary question." *Safeco of America v. Rawston*, 181 F.R.D. 441, 445 (C.D. Cal. 1998). Therefore, the subparts do not render the interrogatory impermissibly complex.

The Court also rejects Exist's argument that documents to show the pre-existing or licensed work incorporating its designs be produced only after the entry of a protective order. Exist does not object that the interrogatory seeks confidential information, and fails to otherwise explain why the documents it intends to produce in lieu of responding in writing fall within the scope of documents protected by the protective order.

Therefore, the Court **GRANTS** AVID's Motion as to Interrogatory No. 2.

 **3.     Interrogatory No. 3**

Interrogatory No. 3 seeks identification of persons involved in the manufacture of the products at issue. (Dkt. 47-6 at 7). Exist objects on the grounds the Interrogatory seeks confidential business information. (Dkt. 47-14 at 6). "Notwithstanding these objections, to the extent that such information is available, and after the entry of a suitable protective order by the Court, EXIST will produce non-privileged documents, pursuant to Fed. R. Civ. P. 33(d) which identify the manufacturers of the SUBJECT PRODUCT." *Id.*

AVID does not object to waiting for documents until entry of a protective order, but argues Exist's limitation on the production to manufacturers is unfounded. Joint Stip. at 20. AVID explains the manufacturing process may include additional parties, such as "sourcing agents and other intermediaries between Exist and its manufacturer(s)." *Id.* On June 4, 2015, Exist agreed to supplement its response to state that "it will produce documents which identify those persons involved in the manufacture of the Subject

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 14-2525-JGB (KKx) | Date | August 5, 2015 |
|---|---|---|---|
| Title | ADVANCED VISUAL IMAGE DESIGN, LLC, dba AVID INK v. EXIST, INC., *et al.* | | |

Product." Spielman Decl., ¶ 15. Exist has not provided any supplemental response or justification for the two-month delay. Shein Decl., ¶ 1.

Therefore, the Court **GRANTS** AVID's Motion as to Interrogatory No. 3.

### 4. Interrogatory No. 4

Interrogatory No. 4 requests a description of Exist's "purchase(s) of any and all SUBJECT PRODUCT by stating how much [Exist] paid for SUBJECT PRODUCT, the date(s) of each purchase, how many units or yards of SUBJECT PRODUCT [Exist] purchased, and the PERSON(s) that provided SUBJECT PRODUCT to [Exist]." (Dkt. 47-6 at 7).

Exist objects on the grounds the Interrogatory seeks confidential business information. (Dkt. 47-14 at 6). "Notwithstanding these objections, to the extent that such information is available, and after the entry of a suitable protective order by the Court, EXIST will produce non-privileged documents, pursuant to Fed. R. Civ. P. 33(d) which show its purchase of SUBJECT PRODUCT." *Id.*

In the Joint Stipulation, Exist argues Rule 33 permits it to produce documents instead of responding in writing, but claims the documents it intends to produce, its purchase orders, are highly confidential. Joint Stip. at 23-24. AVID "requests that Exist be ordered to state in writing the date(s) of each purchase and how many units or yards of Subject Product it purchased and upon entry of protective order, to also state how much it paid for the Subject Product." Joint Stip. at 23.

The Advisory Comments to Rule 33(d) explain "the responding party's need to protect sensitive interests of confidentiality or privacy may mean that it must derive or ascertain and provide the answer itself rather than invoke Rule 33(d)." Fed. R. Civ. P. 33(d) Advisory Comments 2006 Amendment. "If an answer is readily available in a more convenient form, [Rule 33(d)] should not be used to avoid giving the ready information to a serving party." *Daiflon, Inc. v. Allied Chem. Corp.*, 534 F.2d 221, 226 (10th Cir. 1976); *see also Walt Disney Co. v. DeFabiis*, 168 F.R.D. 281, 284 (C.D. Cal. 1996) (granting plaintiff's motion to compel interrogatory responses where defendant,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 14-2525-JGB (KKx) | Date | August 5, 2015 |
|---|---|---|---|
| Title | ADVANCED VISUAL IMAGE DESIGN, LLC, dba AVID INK v. EXIST, INC., *et al.* | | |

rather than answering the interrogatories, stated he would provide documents in accordance with Rule 33(d), but failed to timely produce such documents).

Here, Exist has explained why the documents it has agreed to produce should be designated confidential, and AVID admits some of the information it is seeking is legitimately confidential. Under Rule 33, Exist shall be permitted to respond to Interrogatory 4 by producing documents. Therefore, the Court **DENIES** AVID's Motion as to Interrogatory 4, without prejudice to AVID raising the issue again if Exist fails to produce documents promptly after entry of a protective order.

**C.     Requests for Production**
  **1.     Request for Production No. 3**

Request for Production No. 3 seeks "[a]ll DOCUMENTs which constitute, show, or reflect YOUR advertising, promotion or marketing of SUBJECT PRODUCT, including all catalogs, advertisements, price sheets, flyers and brochures depicting or referring to SUBJECT PRODUCT within the last (7) seven years." (Dkt. 47-7 at 6).

Without specific objection, Exist states "after the entry of a suitable protective order by the Court, Exist will produce catalogs and advertisements depicting SUBJECT PRODUCT within the last seven years." (Dkt. 47-15 at 5-6).

On June 4, 2015, Exist altered its position, and stated it would produce catalog pages depicting the garments at issue "to the extent that catalogs exist and were publicly available." Joint Stip. at 25. In the Joint Stipulation, Exist states it has no responsive advertisements, flyers or brochures. *Id.* Exist also argues the time frame of the Request should be limited to December 8, 2011 to the present. *Id.*

Exist's belated attempt to limit its agreement to produce complete documents for the past seven years is not well taken. Nor is there any basis to permit Exist, despite its agreement to produce complete catalogues, to redact documents on the grounds portions of the documents are non-responsive. *See United States v. McGraw-Hill Companies, Inc.*, No. CV 13-0779-DOC (JCGx), 2014 WL 8662657, at *3 (C.D. Cal. Sept. 25, 2014) ("[U]nilateral redactions are inappropriate if they seek not to protect sensitive or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 14-2525-JGB (KKx) | Date | August 5, 2015 |
|---|---|---|---|
| Title | ADVANCED VISUAL IMAGE DESIGN, LLC, dba AVID INK v. EXIST, INC., *et al.* | | |

protected information, but merely to keep non-responsive information out of an adversary's hands."); *see also In re Medeva Sec. Litig.*, No. 93-4376-KN (AJWx), 1995 WL 943468, at *3 (C.D. Cal. May 30, 1995) (criticizing "unilateral editing of documents by the producing party" because "the practice frequently gives rise to suspicion that relevant material harmful to the producing party has been obscured" and "tends to make documents confusing or difficult to use").

Lastly, Exist admits it "provides catalogs to its direct customers," and hence, appears to have abandoned its confidential information objection. Joint Stip. at 25-26; Spielman Decl., ¶ 17. To the extent Exist argues it should not be required to produce the catalogs until after entry of a protective order, Exist fails to show the catalogs are confidential.

Therefore, the Court **GRANTS** AVID's Motion as to Request for Production No. 3.

### 2. Request for Production No. 28.

Request for Production No. 28 seeks documents relating to representations made by Exist "to any and all PERSONs, including but not limited to the United States Copyright Office, in connection with the ownership or creation of SUBJECT DESIGNS." (Dkt. 47-7 at 10).

Exist objects to this request on the grounds it is overly broad and unduly burdensome. (Dkt. 47-15 at 16-17).

For purposes of this Motion, AVID is only seeking "documents reflecting Exist's representations to the Copyright Office regarding the Subject Designs." Joint Stip. at 28. On June 10, 2015, Exist advised it would produce these documents "shortly." Spielman Decl., ¶ 18. Exist fails to provide any appropriate justification for its two-month delay in producing these documents.

Therefore, the Court **GRANTS** AVID's Motion as to Request for Production No. 28.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 14-2525-JGB (KKx) | Date | August 5, 2015 |
|---|---|---|---|
| Title | ADVANCED VISUAL IMAGE DESIGN, LLC, dba AVID INK v. EXIST, INC., *et al.* | | |

### 3. Requests for Production Nos. 56, 57.

Requests for Production Nos. 56 and 57 seek Exist's copyright certificates for the designs at issue and Exist's applications to register the copyrights. (Dkt. 47-7 at 14). Exist does not object to producing these documents. (Dkt. 47-15 at 26-27).

On June 10, 2015, Exist advised it would produce these documents "shortly." Spielman Decl., ¶ 18. Exist fails to provide any appropriate justification for its two-month delay in producing these documents.

Therefore, the Court **GRANTS** AVID's Motion as to Requests for Production Nos. 56 and 57.

### 4. Requests for Production Nos. 61, 63, 64.

Requests for Production Nos. 61, 63, and 64 seek agreements between Exist and the persons responsible for creating Exist's catalogues from January 1, 2007 to the present as well as documents "sufficient to identify" who printed and created such catalogues. (Dkt. 47-7 at 15).

Exist objects to these requests on the grounds they seeks confidential business and financial information. Exist further objects that these requests are "irrelevant to the instant claims in the case, including no connection to the designs at issue and not likely going to lead to admissible or relevant evidence." (Dkt. 47-15 at 28-29).

In the Joint Stipulation, Exist argues the information sought is not relevant, but does not pursue its confidential business information objection. Joint Stip. at 34-35. AVID argues the information is relevant to "determine when the catalogs were printed and what materials were provided to the printers (including but not limited to photos of garments or models wearing garments)." Joint Stip. at 33. AVID argues the information is "relevant to establishing when and/or whether Exist commenced selling and marketing garments bearing the Subject Designs." *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 14-2525-JGB (KKx) | Date | August 5, 2015 |
|---|---|---|---|
| Title | ADVANCED VISUAL IMAGE DESIGN, LLC, dba AVID INK v. EXIST, INC., *et al.* | | |

The Court agrees the Requests are overbroad to the extent they seek information relating to catalogs that do not contain images of the designs or products at issue in this litigation. Therefore, the Court **GRANTS** AVID's Motion, but limits the production to catalogs in which the Subject Designs or Subject Products appear.

**5.     Requests for Production Nos. 65, 66.**

Requests for Production Nos. 65 and 66 request copies of Exist's catalogues in which the products and designs at issue in this litigation appear. (Dkt. 47-7 at 15).

Exist's response states "after the entry of a suitable protective order by the Court, EXIST will produce a copy *representative pages*" where the products and designs at issue "appears in its catalogs." (Dkt. 47-15 at 29-30) (emphasis added).

There is no basis for Exist to be permitted, despite its agreement to produce complete catalogues (see Request for Production No. 3), to redact documents on the grounds portions of the documents are non-responsive. *See McGraw-Hill Companies, Inc.*, 2014 WL 8662657, at *3 ("[U]nilateral redactions are inappropriate if they seek not to protect sensitive or protected information, but merely to keep non-responsive information out of an adversary's hands."); *see also In re Medeva Sec. Litig.*, 1995 WL 943468, at *3 (criticizing "unilateral editing of documents by the producing party" because "the practice frequently gives rise to suspicion that relevant material harmful to the producing party has been obscured" and "tends to make documents confusing or difficult to use").

Additionally, Exist admits it "provides catalogs to its direct customers," and appears to have abandoned its confidential information objection. Joint Stip. at 25-26; Spielman Decl., ¶ 17. To the extent Exist argues it should not be required to produce the catalogs until after entry of a protective order, Exist fails to show the catalogs are confidential.

Therefore, the Court **GRANTS** AVID's Motion as to Requests for Production Nos. 65 and 66.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 14-2525-JGB (KKx) | Date | August 5, 2015 |
|---|---|---|---|
| Title | ADVANCED VISUAL IMAGE DESIGN, LLC, dba AVID INK v. EXIST, INC., *et al.* | | |

**D. Requests for Admission**

Requests for Admission 11-20 seek to have Exist admit or deny the "substantial similarity" of the designs at issue. (Dkt. 47-8 at 6-7). Exist's response to each request is the same: "Denied. EXIST cannot admit [Exist Design X] is substantially similar to [AVID Design X] without discovery as EXIST does not have the deposit copy of the design depicted in [AVID Design X] to compare to [Exist Design X]." (Dkt. 47-16 at 5-7).

Exist argues AVID is improperly seeking to establish a legal conclusion of "substantial similarity." Joint Stip. at 38. Exist also argues "the only way to make such a determination or comparison is with the deposit copy of the actual copyright and the alleged infringement." Joint Stip. at 39.

AVID argues substantial similarity is a question of fact. Suppl. Brief at 4. AVID also argues Exist should be required to admit the designs are substantially similar, because Exist filed a counterclaim alleging the designs were substantially similar. Joint Stip. at 37. AVID explains a deposit copy is not necessary to compare the Exhibits to the Counterclaim and the Exhibits to the Requests for Admission. *Id.* Exist argues a deposit copy *is* necessary because Exist merely used copies of the exhibits attached to AVID's Complaint in preparing Exist's Counterclaim, "as this was the only image Exist had to rely on at the time." Joint Stip. at 43. AVID states it produced the deposit copy on July 22, 2015. Shein Ex Parte Decl., ¶ 2.

The Court rejects Exist's position. "Rule 36(a) permits requests for admission addressing questions of mixed law and fact." *Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 937 (9th Cir. 1994) (citing Fed. R. Civ. P. 36, Advisory Committee Notes on 1970 Amendment); *see also Apple Inc. v. Samsung Electronics Co.*, No. C 11-CV-1846 LHK PSG, 2012 WL 952254, at *3 (N.D. Cal. Mar. 20, 2012) (Requests for Admission requiring "opinions or conclusions of law" are "not objectionable . . . as long as the legal conclusions relate to the facts of the case") (internal citation omitted). "The court does not find any limitation in the language of Rule 36 or the advisory committee notes that would suggest that the duty to respond in good faith to a[] [Request for Admission] does not extend to those requests with claim-dispositive implications." *Apple Inc.*, 2012 WL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 14-2525-JGB (KKx) | Date | August 5, 2015 |
|---|---|---|---|
| Title | ADVANCED VISUAL IMAGE DESIGN, LLC, dba AVID INK v. EXIST, INC., *et al.* | | |

952254, at *3 (citing *Classic Concepts, Inc. v. Linen Source, Inc.*, No. CV 04-8088GPS (MANx), 2006 WL 4756377, at *6 (C.D. Cal. Apr. 27, 2006) (finding defendant's admission to plaintiff's Request for Admission that there was "substantial similarity between the works" to be insufficient for summary judgment in copyright infringement context)). Hence, Exist's position is not supported by legal authority. Moreover, Exist's refusal to admit "substantial similarity" is particularly untenable in the instant case where it has chosen to bring a counterclaim alleging the designs are substantially similar.

Finally, Exist has not explained how having a deposit copy of AVID's designs would influence its substantial similarity decision. The Requests only reference exhibits attached to the Complaint, Counterclaim, and Requests for Admission.[1]

Therefore, the Court **GRANTS** AVID's Motion as to Requests for Admission 11-20. Exist is directed to serve supplemental responses admitting or denying the requests without qualification.

**E. Sanctions**

Plaintiff requests sanctions of $5,022.00 pursuant to Rule 37(a)(5)(A), based on expenses incurred in bringing the instant Motion to Compel. *See* Shein Decl., ¶ 21.

Pursuant to Fed. R. Civ. P. 37(a)(5)(C), if a motion is granted in part and denied in part, the court "may . . . apportion the reasonable expenses for the motion." *Id.* A court "must not order" payment of expenses if the objection is substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). Applying this standard, the Court finds sanctions are warranted due to (1) Exist's failure to provide any appropriate justification for its two-month delay in supplementing is responses and producing documents, (2) Exist's improper assertion that it would not produce even non-confidential documents until entry of a protective order, and (3) Exist's frivolous argument it should be permitted to unilaterally redact non-privileged documents.

---

[1] In the event the deposit copy is substantially different from any of the referenced exhibits, such evidence may affect the evidentiary weight of an admission. *Classic Concepts, Inc.*, 2006 WL 4756377, at *6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 14-2525-JGB (KKx) | Date | August 5, 2015 |
|---|---|---|---|
| Title | ADVANCED VISUAL IMAGE DESIGN, LLC, dba AVID INK v. EXIST, INC., *et al.* | | |

However, because the Court has denied the Motion in part, sanctions have been apportioned accordingly.[2]

Hence, the Court **GRANTS** AVID's Motion for Sanctions in the amount of $3,000.00.

# VI.
# CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel (Dkt. 47) is **GRANTED IN PART AND DENIED IN PART** as detailed above and as follows.

**Exist is ordered to fully comply with this Order (by providing such information and documents ordered above) on or before August 17, 2015:**

a. Exist shall provide supplemental responses to Interrogatories 1, 2 and 3.

b. Exist shall, to the extent within its knowledge, possession, custody, or control, provide all documents requested in Requests for Production Nos. 3, 28, 56, 57, 65, and 66.

c. Exist shall, to the extent within its knowledge, possession, custody, or control, provide all documents requested in Requests for Production 61, 63 and 64 relating to catalogs containing the designs or products at issue in this litigation.

---

[2] The Court cautions the parties that sanctions are generally mandatory where the motion is granted, or denied in its entirety.  Fed. R. Civ. P. 37(a)(5)(A) and (B).  Additionally, sanctions are available when the parties fail to adequately comply with the applicable Local Rules (*e.g.* Local Rule 37-1's requirement of an adequate pre-filing conference of counsel).  Local Rule 37-4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 14-2525-JGB (KKx) | Date | August 5, 2015 |
|---|---|---|---|
| Title | ADVANCED VISUAL IMAGE DESIGN, LLC, dba AVID INK v. EXIST, INC., *et al.* | | |

    d.    Exist shall serve supplemental responses to Requests for Admission Nos. 11-20 admitting or denying the Requests without qualification.

    e.    Exist shall pay sanctions to AVID in the amount of $3,000.00.