1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

ADVANCED VISUAL IMAGE DESIGN, LLC, dba AVID INK, a California Limited Liability Company,

Plaintiff,

v.

EXIST, INC., *et al.*,

Defendants.

All related counter-claims.

Case No.:  2:14-cv-02525-JGB-KK
*Honorable Kenly Kiya Kato Presiding*

**[DISCOVERY MATTER]**

**(PROPOSED) PROTECTIVE ORDER FOR CONFIDENTIAL TREATMENT OF DOCUMENTS AND INFORMATION**

NOTE CHANGES MADE BY THE COURT

Having considered the parties' pleadings on file to date, and the parties' jointly submitted Stipulated Protective Order for Confidential Treatment of Documents and Information to govern the handling of information and materials produced in the course of discovery or filed with the Court in this action, the Court determines and orders as follows:

# 1. INTRODUCTION

## 1.1 PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 13.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## 1.2 GOOD CAUSE STATEMENT

This Action involves claims for copyright infringement under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.* The parties, who are various manufacturers, licensors and vendors of textile designs, and apparel distributors and retailers, are direct and/or indirect competitors of each other. In order to establish their claims and defenses, the parties intend to seek discovery requesting sales, vendor, customer, import and export practice, other financial information, and potentially other commercially and competitively sensitive information.

There will also potentially be multiple depositions of the parties' employees or agents and third party vendors, customers, licensees or clients and such persons will likely be asked to answer questions on these

potentially sensitive subject areas. Information regarding the parties' vendors, customers, licensees and clients is confidential and/or proprietary information which cannot be disclosed to other parties and/or the public at large. A protective order ("Protective Order" or "Order") is therefore necessary to avoid any prejudice or harm which would likely result if such information was disclosed in the absence of the protections set forth herein. This Order is also necessary for the orderly management of this litigation. Without this Order, the exchange of party information, as well as information needed from enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 13.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.   <u>DEFINITIONS</u>

2.1   Action: This pending federal lawsuit, *Advanced Visual Image Design, Inc. dba Avid Ink* v. *Exist, Inc.,* Central District of California Case No. 14-CV-02525-JGB-KK (filed December 8, 2014).

2.2   Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3   "CONFIDENTIAL" Information or Items: as used herein, means all information that is not otherwise publicly available (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection

under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement, and

(a) is protected under the Uniform Trade Secrets Act, California Civil Code section 3426, et. seq., in that such information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means, by other persons who can obtain economic value from its disclosure or use; and

(b) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy; and

(c) is otherwise regarded by a party as being confidential, private, or proprietary in nature.

2.4    Counsel: Outside Counsel of Record (as well as their support staff).

2.5    Designating Party: a Party or Non-Party that designates information or items that it produces m disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY".

2.6    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:  CONFIDENTIAL Information or Items as

defined  in paragraph 2.3 above, that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party.  Any party to this litigation or third party covered by this Order that produces or discloses any Attorneys' Eyes Only Information shall mark the same with the following, or a substantially similar, legend:   "HIGHLY CONFIDENTIAL  – ATTORNEYS' EYES ONLY".

2.9    In-House Counsel: attorneys who are employees of  a  party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10   Non-Party: any natural person, partnership, corporation, association,  or other legal entity not named as a Party to this action.

2.11   Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support  staff.

2.12   Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13   Producing Party: a Party or Non-Party that produces Disclosure  or Discovery Material in this  Action.

2.14   Professional Vendors: persons or entities that provide litigation support services  (e.g.,  photocopying,  videotaping,  translating,  preparing

exhibits  or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES   ONLY."

2.16   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4.   <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of ( 1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.   <u>DESIGNATING PROTECTED MATERIAL</u>

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions and the payment of attorneys' fees incurred by a successful Challenging Party.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial

-6-

proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend") or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" (hereinafter "HIGHLY CONFIDENTIAL – ATTORNEYS'  EYES ONLY legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY". Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL  legend" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the  margins).

(b)     for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the

-7-

exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY". If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

      5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

      6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

      6.2 <u>Meet</u> <u>and</u> <u>Confer.</u> Any challenge hereunder must be made in strict compliance with Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement). ~~A Challenging Party may also apply for relief on an expedited or *ex parte* basis if warranted under~~ the circumstances. In making or opposing any motion relating to the designation of CONFIDENTIAL Information or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information, the party seeking to maintain a document under the Protective Order as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall bear the burden of showing specific prejudice or harm if the information sought to be protected is disclosed to the public. *See e.g., Phillips ex rel. Byrd v. General Motors Corp.,* 307 F.3d 1206, 1210-1211 (9th Cir. 2002). Frivolous challenges, and those made for an improper purpose (e.g., to harass

or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.

Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)    the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

-9-

(c)   Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)   the Court and its personnel;

(e)   court reporters and their staff;

(f)   professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)   the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)   during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any CONFIDENTIAL information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except
as permitted under this Stipulated Protective Order; and

(i)   any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3   Disclosure of " HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY" Information or Items. Where a Designating Party has designated information as "Highly Confidential – Attorneys' Eyes Only," other

persons subject to this Order may disclose such information only to the following persons:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the Court and its personnel;

(d) court reporters and their staff;

(e) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(g) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective

Order; and

(h) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.4 The Parties agree that each of the Parties may be provided by their respective Outside Counsel of Record a summary document, or oral summary, setting forth the alleged infringers' full identities (limited to company name and address only), total revenues for each alleged infringing product/service, total gross profits numbers, total number of units (or the equivalents for a service) produced, provided, and/or sold of the allegedly infringing product(s) and/or service at issue disseminated by the alleged infringers of the design(s) at issue in this litigation notwithstanding any party's designation of documents showing such information as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

7.5 The Party making the disclosure of information marked "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall keep a record of the HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY Information disclosed to such person.

7.6 If an Expert, as defined herein, is a direct competitor of a Designating Party, or is affiliated with any enterprise that is in a position to commercially exploit information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES' ONLY, (hereinafter "Expert Competitor") then the Party seeking to disclose information marked CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES' ONLY to the Expert Competitor must deliver written notice to the Designating Party of its desire to do so at least five (5) business days before making disclosure to the Expert Competitor. During this period, the recipient of such

notice may object to the disclosure of all or any portion of the information marked CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES' ONLY to the Expert Competitor. In the event of such objection, the Designating Party and the Party seeking to disclose information to an Expert Competitor shall attempt in good faith to negotiate a stipulation to delineate what information marked CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES' ONLY may be disclosed to the particular Expert Competitor and the circumstances under which such disclosure may be made. If they cannot agree, the Party seeking to disclose information marked CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES' ONLY to the Expert Competitor shall not do so without first obtaining Court approval pursuant to the applicable Local Rules. In determining whether to categorize a person as an Expert Competitor for purposes of this paragraph, Counsel shall exercise reasonable judgment as to whether any enterprise with which such person is known to be affiliated is in a position to commercially exploit information marked CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES' ONLY.

7.7 In-House counsel shall be precluded from access to any documents marked "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," without first obtaining court authorization or written authorization by the Designating Party.

8.    Nothing contained herein shall preclude a party from (a) using or disseminating its own CONFIDENTIAL Information or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY Information in any way; (b) disclosing information taken from a document marked "CONFIDENTIAL" or " HIGHLY CONFIDENTIAL" to any person who on the face of that document is shown as having previously received the document; (c)

-13-

disclosing CONFIDENTIAL Information or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY Information of the party that designated the information as such to an officer, director, or manager of that Designating party, or to other witnesses designated by that Designating party pursuant to Rule 30(b)(6), F.R.Civ.P.; (d) disclosing information which, at the time of disclosure, was already in the recipient's possession or available to it from any other source having no obligation to the party or nonparty witness which is the source of said information or which is, or at any time hereafter becomes, available to the public or which, after access is gained through disclosure in this action, is at any time obtained by the recipient from any other person, firm or company having no obligation to or relationship with the source of said information; or (e) intentionally waiving in writing any provision in this Order with respect to any CONFIDENTIAL Information or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY Information designated by it without further order of the Court.

9.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCEDIN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that Party must:

(a)    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

10.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce     a     Non-Party's     CONFIDENTIAL     Information     or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY Information   in its possession,  and the  Party  is subject to  an agreement  with the Non-Party  not to produce  the Non- Party's     CONFIDENTIAL     Information     or     HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY Information, then the Party shall:

-15-

(1)     promptly notify in writing the Requesting Party and the Non- Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested;   and

(3)     make the information requested available for inspection by the Non-Party, if requested.

(c)     If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's CONFIDENTIAL Information or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY Information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

11.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

-16-

disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12.   <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

13.   <u>MISCELLANEOUS</u>

13.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. Any application seeking modification must be made in strict compliance with Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement).

13.2  Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this

-17-

Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3  Filing Protected Material. Protected Material may only be filed under seal pursuant to a Court Order authorizing the sealing of the specific Protected Material at issue. Any Party seeking to file any Protected Material under seal must comply with Civil Local Rule 79-5. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court. If the Court grants a Party's motion to file Protected Under seal, the Protected Material shall be maintained under seal with the United States District Court for the Central District of California, pursuant to this Order, or as otherwise ordered by this Court. All such Protected Material will be filed in a sealed envelope that contains an indication of the general nature of the contents of the envelope, and has endorsed thereon the title and docket number of this action and a boldface label conspicuously placed on the front of the said envelope stating:

THIS ENVELOPE CONTAINS DOCUMENTS, THINGS, OR TESTIMONY WHICH ARE 'CONFIDENTIAL" (OR "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY AND SUBJECT TO THE TERMS OF A PROTECTIVE ORDER OF THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA. IT IS NOT TO BE OPENED OR THE CONTENTS DISPLAYED OR REVEALED EXCEPT TO THIS COURT AND ITS STAFF.

To the extent practicable, designated items or the substance of designated items shall be filed separately or in severable portions of filed papers, so that non-designated items may be freely disseminated.

13.4   In the event that information designated as Protected Material is contemplated to be used at trial, the Receiving Party seeking to use such information shall give notice to the Court and the Designating Party of its intention to use the Protected Material at trial sufficiently in advance of its contemplated use so that the Court can have the matter heard. The Designating Party continues to bear the burden of showing to the Court that there is good cause to keep the materials sought to be used at trial as subject to and treated under the terms of this Protective Order so that the Court may keep the Protected Material exempt from public disclosure even though the Protected Material is used at trial.

14.   <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party ( and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2)affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies

-19-

that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

15.    Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: _August 12_ , 2015

_____
Hon. Kenly Kiya Kato
United States Magistrate Judge