UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 14-2525-JGB (KKx) | Date | August 18, 2015 |
|---|---|---|---|
| Title | ADVANCED VISUAL IMAGE DESIGN, LLC, dba AVID INK v. EXIST, INC., *et al.* | | |

| Present: The Honorable | Kenly Kiya Kato, United States Magistrate Judge | |
|---|---|---|
| Deb Taylor | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Applicant: | Attorneys Present for Respondent: |
|---|---|
| None Present | None Present |

**Proceedings:** **(In Chambers) Order: (1) Granting in part and Denying in part Defendant's Motion to Compel (Dkt. 50); (2) Granting Monetary Sanctions; and (3) Vacating August 20, 2015 Hearing Regarding Defendant's Motion.**

## I.
## SUMMARY OF RULING

For the reasons set forth below, the Court **GRANTS IN PART AND DENIES IN PART** Defendant Exist, Inc.'s ("Exist") Motion to Compel further responses to requests for production, filed on July 24, 2015. The Court also **GRANTS** monetary sanctions in the amount of $1,000.00 to Exist. The hearing on this matter scheduled for August 20, 2015 is **VACATED**.

## II.
## RELEVANT PROCEDURAL BACKGROUND

On December 8, 2014, Plaintiff Advanced Visual Image Design, LLC ("AVID") filed a Complaint asserting copyright infringement claims against defendants Exist and Ross Stores, Inc. ("Ross") (collectively, "Defendants"). (ECF Docket No. ("Dkt.") 1).

On January 20, 2015, Defendants filed a Motion to Dismiss the Complaint. (Dkt. 18). On March 2, 2015, the Court denied Defendants' Motion to Dismiss. (Dkt. 28).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 14-2525-JGB (KKx) | Date | August 18, 2015 |
|---|---|---|---|
| Title | ADVANCED VISUAL IMAGE DESIGN, LLC, dba AVID INK v. EXIST, INC., *et al.* | | |

On March 16, 2015, Ross filed an Answer to the Complaint. (Dkt. 30). On March 20, 2015, Exist filed an Answer to the Complaint and a Counterclaim against AVID. (Dkt. 36). On April 9, 2015, AVID filed an Answer to the Counterclaim. (Dkt. 37).

On May 4, 2015, the Court held a Scheduling Conference. (Dkt. 42). The Court scheduled trial for February 9, 2016 with a discovery cut-off of November 30, 2015. (Dkt. 41).

On July 7, 2015, AVID filed a Motion for a Protective Order due to the parties' inability to reach an agreement on one provision Defendants requested be included. (Dkt. 43). On July 16, 2015, AVID filed a Supplement in support of the Motion for Protective Order. (Dkt. 46). On July 17, 2015, the Court granted AVID's Motion for a Protective Order and ordered the parties to file a draft of the Stipulated Protective Order no later than July 24, 2015. (Dkt. 48). On July 24, 2015, AVID lodged a draft of the Stipulated Protective Order. (Dkt. 51). On July 31, 2015, the Court declined to issue the proposed Stipulated Protective Order citing two deficiencies. (Dkt. 55). On August 11, 2015, AVID lodged a revised Stipulated Protective Order. (Dkt. 59). On August 12, 2015, the Stipulated Protective Order was issued. (Dkt. 61).

On July 24, 2015, Exist filed a Motion and Joint Stipulation to Compel Supplemental Discovery Responses from AVID, including a Declaration of Darren Spielman in support of Exist's Motion to Compel ("Spielman Decl.") and a Declaration of David Shein in support of AVID's Opposition to the Motion ("Shein Decl."). (Dkt. 50, 50-1, 50-21). On August 6, 2015, Exist filed a Supplemental Brief in support of its Motion to Compel ("Exist Suppl. Brief") along with a Supplemental Declaration of Darren Spielman ("Spielman Suppl. Decl."), and also requesting sanctions. (Dkt. 57, 57-1). Also on August 6, 2015, AVID filed a Supplemental Brief in Opposition to the Motion and the new request for sanctions ("AVID Suppl. Brief"). (Dkt. 58). On August 11, 2015, the Court requested that AVID file a further opposition to Exist's request for sanctions. (Dkt. 60). On August 17, 2015, AVID filed an Opposition to Exist's Request for Sanctions ("AVID Opp. Re: Sanctions"), including a Declaration of David Shein in support thereof ("Shein Opp. Decl."). The matter thus stands submitted and ready for decision.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 14-2525-JGB (KKx) | Date | August 18, 2015 |
|---|---|---|---|
| Title | ADVANCED VISUAL IMAGE DESIGN, LLC, dba AVID INK v. EXIST, INC., *et al.* | | |

# III.
# RELEVANT FACTUAL BACKGROUND

On April 7, 2015, Exist served AVID with a first set of Interrogatories and Requests for Production Nos. 1-71. (Dkt. 50-3, 50-4). On May 7, 2015, AVID served its Responses. (Dkt. 50-5, 50-6).

On May 14, 2015, Exist sent AVID a letter setting forth the perceived deficiencies in AVID's Responses to the first set of requests. (Dkt. 50-8). On May 27, 2015, the parties met and conferred telephonically. (Spielman Decl., ¶ 9). AVID agreed to provide further information regarding its objections and would provide non-privileged documents "shortly." *Id.*

On May 22, 2015, Exist served a second set of Requests for Production Nos. 72-74. (Dkt. 50-12). On June 19, 2015, AVID served its Responses. (Dkt. 50-13).

On July 1, 2015, Exist sent AVID a letter setting forth the perceived deficiencies in AVID's Responses to the second set of Requests. (Dkt. 50-14). On July 8, 2015, the parties met and conferred telephonically. (Spielman Decl., ¶ 17). AVID declined to withdraw its objections. *Id.*

On July 22, 2015, two days before the Joint Stipulation was filed, AVID supplemented its responses to Interrogatories 2, 11, and 12 and produced 71 pages of documents, "including the copyright registrations for each of Avid's designs at issue, images of Avid's designs, form CAs [change applications] related to its registrations, relevant portions of a design log providing the release date of its designs, and invoices and sales summaries reflecting its sales of paper bearing its designs and its printing of said paper onto fabric." (Shein Decl., ¶¶ 6-7, Spielman Suppl. Decl., ¶ 4).

///
///
///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 14-2525-JGB (KKx) | Date | August 18, 2015 |
|---|---|---|---|
| Title | ADVANCED VISUAL IMAGE DESIGN, LLC, dba AVID INK v. EXIST, INC., *et al.* | | |

# IV.
# LEGAL STANDARD

Federal Rule of Civil Procedure 26(b) provides that parties may obtain discovery regarding any matter that is not privileged and is relevant to the claim or defense of any party involved in the pending action. Fed. R. Civ. P. 26(b)(1). The information sought need not be admissible at trial as long as it appears reasonably calculated to lead to the discovery of admissible evidence. *Id.* A "relevant matter" under Rule 26(b)(1) is any matter that "bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389, 57 L. Ed. 2d 253 (1978) (citation omitted). Relevancy should be "construed 'liberally and with common sense' and discovery should be allowed unless the information sought has no conceivable bearing on the case." *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995) (quoting *Miller v. Pancucci*, 141 F.R.D. 292, 296 (C.D. Cal. 1992)).

Responses to requests for production "must be complete, explicit and responsive. If a party cannot furnish details, he should say so under oath, say why and set forth the efforts he used to obtain the information. He cannot plead ignorance to information that is from sources within his control." *Hash v. Cate*, No. C 08-03729 MMC DMR, 2012 WL 6043966, at *2 (N.D. Cal. Dec. 5, 2012). The requesting party "is entitled to individualized, complete responses to each of the requests . . ., accompanied by production of each of the documents responsive to the request, regardless of whether the documents have already been produced." *Louen v. Twedt*, 236 F.R.D. 502, 505 (E.D. Cal. 2006).

"The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *DirecTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002) (citations omitted). "[G]eneral or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections." *A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) (citations omitted). "Similarly, boilerplate relevancy objections,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 14-2525-JGB (KKx) | Date | August 18, 2015 |
|---|---|---|---|
| Title | ADVANCED VISUAL IMAGE DESIGN, LLC, dba AVID INK v. EXIST, INC., *et al.* | | |

without setting forth any explanation or argument why the requested documents are not relevant, are improper." *Id.* (faulting defendant for making "boilerplate objections to almost every single request for production, including broad relevancy objections, objections of 'overly burdensome and harassing,' 'assumes facts not in evidence,' privacy, and attorney-client privilege/work product protection").

Additionally, Rule 37(a)(1) permits a party to move for an order compelling discovery, upon certification that the movant has in good faith conferred or attempted to confer with the opposing party in an effort to obtain the requested discovery without court action. Fed. R. Civ. P. 37(a)(1). Pursuant to Federal Rule of Civil Procedure 37(a)(5)(C), if a motion is granted in part and denied in part, the court "may . . . apportion the reasonable expenses for the motion." *Id.* A court "must not order" payment of expenses if the objection is substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A).

# V.
# DISCUSSION

**A. Interrogatories**

Exist does not argue AVID's Supplemental Interrogatory Responses are inadequate, only that the Responses were untimely. Exist Suppl. Brief at 2. AVID argues it supplemented its responses prior to Exist filing the Joint Stipulation. AVID Opp. Re: Sanctions at 7. The Court will address the issue of sanctions below in Section V.C.

**B. Requests for Production**
  **1. Requests for Production Nos. 1 and 62.**

Exist confusingly argues AVID has supplemented its responses to Requests 1 and 62 (Exist Suppl. Brief at 2), but also that AVID has not supplemented its responses to Exist's first set of Requests for Production, which include Requests 1 and 62 (Id. at 3). Exist's Supplemental Brief argues AVID's production was incomplete, but does not identify any documents missing in response to Requests Nos. 1 and 62. Therefore, it appears Exist is withdrawing its Motion as to Requests for Production Nos. 1 and 62. To

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 14-2525-JGB (KKx) | Date | August 18, 2015 |
|---|---|---|---|
| Title | ADVANCED VISUAL IMAGE DESIGN, LLC, dba AVID INK v. EXIST, INC., *et al.* | | |

the extent Exist did not intend to withdraw its Motion as to Requests Nos. 1 and 62, the Motion is **DENIED**.

### 2. Request for Production No. 18

Request No. 18 seeks "All Documents which constitute, show, or reflect any and all applications to register any of AVID'S DESIGNS for copyright protection within the last eight (8) years." (Dkt. 50-4 at 8). AVID "objects to this request as vague and ambiguous." (Dkt. 50-6 at 9) AVID also "objects to this request to the extent it seeks information that is shielded from disclosure by the attorney-client privilege and the attorney work product doctrine." *Id.*

In the Joint Stipulation, AVID states it produced "all responsive documents, including its certificate of registrations for each of its designs at issue including three form CAs related to its registrations." Shein Decl., ¶ 6.

In its Supplemental Brief, Exist complains that AVID has not produced any copyright applications. Exist Suppl. Brief at 3. In its Supplemental Brief, AVID argues there is no evidence that it has copies of the copyright applications. AVID Suppl. Brief at 3. In Opposition to Exist's Request for Sanctions, AVID also states it does not have possession of its applications. AVID Opp. Re: Sanctions at 5.

AVID's attempt to place the burden on Exist to show documents exist, rather than providing a complete, explicit response, is inappropriate. *Hash*, 2012 WL 6043966, at *2. "Even if there are no documents responsive to a request for production, the requesting party is entitled to a response pursuant to Fed. R. Civ. P. 34(b)." *Louen*, 236 F.R.D. at 505. AVID's boilerplate "conclusory" and "attorney-client" objections make it difficult to tell whether AVID is withholding documents or whether the requested documents simply no longer exist in AVID's possession, custody or control. The Request clearly seeks copyright applications, among other relevant documents.

Therefore, the Court **GRANTS** Exist's Motion as to Request for Production No. 18.

### 3. Request for Production No. 36.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 14-2525-JGB (KKx) | Date | August 18, 2015 |
|---|---|---|---|
| Title | ADVANCED VISUAL IMAGE DESIGN, LLC, dba AVID INK v. EXIST, INC., *et al.* | | |

Exist seeks AVID's advertising promotion or marketing materials, "including all catalogs, advertisements, price sheets, flyers and brochures depicting or referring to AVID'S PRODUCTS within the last eight (8) years." (Dkt. 50-4 at 10). AVID "objects to this request as vague and ambiguous." (Dkt. 50-6 at 18). AVID also "objects to this request to the extent it seeks information that is shielded from disclosure by the attorney-client privilege." *Id.* AVID then agreed to produce non-privileged responsive documents, upon entry of a suitable protective order. *Id.*

In the Joint Stipulation, AVID states it has "produced all responsive documents, including the images of its designs that it shows to its customers and the invoices related to its sales of paper bearing its designs and where applicable its sales of paper and printing services." Joint Stip. at 17-18. AVID states it will "produce its price sheets upon the entry of a protective order." *Id.*

The Court agrees AVID is only required to produce responsive documents in its possession, custody or control. Fed. R. Civ. P. 34(a). However, the conclusory, boilerplate and unsupported objections that the Request is "overbroad, vague and ambiguous," "unduly burdensome," and seeks attorney-client privileged information, make it difficult for Exist to determine whether production is complete. *Louen*, 236 F.R.D. at 505. AVID's attempt to place the burden on Exist to show documents exist, rather than providing a complete, explicit response, is inappropriate. *Hash*, 2012 WL 6043966, at *2.

Therefore, the Court **GRANTS** Exist's Motion as to Request for Production No. 36. If AVID has produced all responsive documents in its possession, custody or control, it must provide a complete, explicit response so stating.

**4.     Requests for Production No. 52.**

Exist seeks all communications between AVID and Exist with regard to Exist's designs. (Dkt. 50-4 at 12). AVID objects "on the grounds that the documents requested are equally available to" Exist, but agrees to "produce its communications with Exist regarding the designs at issue in this case, if any exist." (Dkt. 50-6 at 25).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 14-2525-JGB (KKx) | Date | August 18, 2015 |
|---|---|---|---|
| Title | ADVANCED VISUAL IMAGE DESIGN, LLC, dba AVID INK v. EXIST, INC., *et al.* | | |

Exist complains AVID is refusing to produce Cease and Desist letters identified in AVID's Initial Disclosures. Joint Stip. at 22-23. In the Joint Stipulation, AVID states that it has no responsive documents and will amend its Initial Disclosures accordingly. Joint Stip. at 23. However, in its Supplemental Brief, AVID states it "will provide the cease and desist correspondence it sent prior to filing of the first case between the parties." AVID Suppl. Brief at 4. AVID notes this correspondence was admitted as evidence in the prior trial between these parties and the documents are therefore in Exist's possession. *Id.*

AVID does not provide any justification for its delayed production of the cease and desist correspondence, nor has it yet produced the documents to Exist. *Louen*, 236 F.R.D. at 505 (referring to other documents supposedly already produced or in requesting party's possession is an incomplete response).

Therefore, the Court **GRANTS** Exist's Motion as to Requests for Production No. 52.

### 5. Requests for Production No. 57.

Exist seeks all documents "relating to any copyright applications or registrations for any drafts or earlier versions of the AVID'S DESIGNS, and communications with and/or materials deposited with the Copyright Office concerning the same." (Dkt. 50-4 at 13). AVID "objects to this request as overbroad, vague and ambiguous." (Dkt. 50-6 at 34). AVID also "objects to this request to the extent it seeks information that is shielded from disclosure by the attorney-client privilege, and the attorney work product doctrine, and the trade secret privilege." *Id.* AVID then agreed to produce non-privileged responsive documents, upon entry of a suitable protective order. *Id.*

In the Joint Stipulation, AVID states it is continuing to search for the copyright registration for its A109947 design, which is the only responsive documents AVID is aware may exist. Joint Stip. at 21. Exist is unsatisfied that this is the only responsive document. Exist Suppl. Brief at 3. AVID does not provide any further explanation, justification, or argument regarding this Request in its Supplemental Brief. In its Opposition to Exist's Request for Sanctions, AVID states it will produce the missing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 14-2525-JGB (KKx) | Date | August 18, 2015 |
|---|---|---|---|
| Title | ADVANCED VISUAL IMAGE DESIGN, LLC, dba AVID INK v. EXIST, INC., *et al.* | | |

documents, if and when it is located. AVID Opposition at 6. AVID also argues it has "thousands of designs and tracking down a specific registration for a given design is time consuming." *Id.*

The Court agrees AVID is only required to produce responsive documents in its possession, custody or control. Fed. R. Civ. P. 34(a). However, the conclusory, boilerplate and unsupported objections that the Request is "overbroad, vague and ambiguous," "unduly burdensome," and seeks attorney-client or trade secret privileged information, make it difficult for Exist to determine whether production is complete and whether a reasonable inquiry was undertaken. *Louen*, 236 F.R.D. at 505.

AVID has a duty to make a reasonable inquiry to locate responsive documents and then to provide a complete, explicit response. *A. Farber & Partners, Inc.*, 234 F.R.D. at 190 ("[A] reasonable inquiry into the factual basis of [a party's] discovery responses . . . require[s], at a minimum, a reasonable procedure to distribute discovery requests to all employees and agents of the [party] potentially possessing responsive information, and to account for the collection and subsequent production of the information to [the opposing party]."); *see also Hash*, 2012 WL 6043966, at *2 ("If a party cannot furnish details, he should say so under oath, say why and set forth the efforts he used to obtain the information."). AVID also has a continuing obligation to timely supplement discovery. Fed. R. Civ. P. 26(e)(1).

Therefore, the Court **GRANTS** Exist's Motion as to Request for Production No. 57. If AVID has produced all responsive documents in its possession, custody or control, it must provide a complete, explicit response so stating.

### 6. Requests for Production No. 58.

Exist seeks all documents "relating to the reasons for each correction contained in each Form CA filed with the Copyright Office for any of AVID'S DESIGNS, in any Form CA was filed." (Dkt. 50-4 at 13). AVID "objects to this request as overbroad, vague and ambiguous." (Dkt. 50-6 at 34). AVID also "objects to this request to the extent it seeks information that is shielded from disclosure by the attorney-client privilege, and the attorney work product doctrine, and the trade secret privilege." *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 14-2525-JGB (KKx) | Date | August 18, 2015 |
|---|---|---|---|
| Title | ADVANCED VISUAL IMAGE DESIGN, LLC, dba AVID INK v. EXIST, INC., *et al.* | | |

AVID then agreed to produce non-privileged responsive documents, upon entry of a suitable protective order. *Id.*

AVID argues the Request is vague and ambiguous "as to the meaning of 'relating to the reasons' for Avid's corrections on its Form CAs." Joint Stip. at 23. Exist argues that the Request clearly seeks documents, including emails or internal memorandum, showing the reasons AVID sought corrected registrations. Exist Suppl. Brief at 3. AVID stands by its objections and claims "other than a handful of attorney-client communications there are no such documents." AVID Suppl. Brief at 4.

The Court disagrees with AVID and finds the request is not vague or ambiguous. "The party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity. The responding party should exercise common sense and attribute ordinary definitions to terms in discovery requests." *Bryant v. Armstrong*, 285 F.R.D. 596, 606 (S.D. Cal. 2012) (internal citation omitted). AVID has not identified any documents it is withholding as confidential. Lastly, when AVID supplements its response, it must provide a privilege log for any documents it is withholding on the basis of attorney-client privilege or attorney work product. Fed. R. Civ. P. 26(b)(5)(A).

Therefore, the Court **GRANTS** Exist's Motion as to Requests for Production No. 58.

### 7. Request for Production No. 72.

Request for Production No. 72 seeks "All of AVID's corporate tax returns indicating gross income and/or losses since 2007." (Dkt. 50-12 at 6).

AVID responded to Request No. 72 as follows:
> Plaintiff objects to this request as overbroad and not sufficiently tailored in scope and time. Plaintiff objects to this request on the grounds that it seeks information that is shielded from disclosure by the attorney-client privilege, the attorney work product doctrine, the trade secrets privilege, and third party rights to privacy. Plaintiff further objects on the grounds that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 14-2525-JGB (KKx) | Date | August 18, 2015 |
|---|---|---|---|
| Title | ADVANCED VISUAL IMAGE DESIGN, LLC, dba AVID INK v. EXIST, INC., *et al.* | | |

> its tax returns are confidential and privileged. Plaintiff objects on the grounds that this request seeks documents and information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects on the grounds that the probative value, if any, of the requested documents is far outweighed by the burden that production of same would place on Plaintiff. Plaintiff further objects to the extent Defendant is seeking information regarding Plaintiff's profits and losses from its sales of paper bearing its subject designs or printing services regarding those designs, that information is available through other documents that have already been requested. Plaintiff objects to this request on the grounds that it is unduly burdensome and harassing.

(Dkt. 50-13 at 3).

Exist argues AVID put its losses at issue in this case and argues there is no heightened standard of privilege for tax returns and cites non-binding, out-of-circuit authority for this proposition. Joint Stip. at 32-33. Exist seeks to "determine and verify Avid's alleged losses through its tax records and whether Avid claimed a loss within its tax records." *Id.* at 31. Exist argues "damages may be established by a showing of incoming and outgoing cash flow." *Id.* at 32. Exist explains the tax returns are relevant because "[a]ny lost business profits will be claimed on Avid's tax filings. These annual tax deductions may be indicative of any alleged lost profits as claimed by Avid." *Id.* at 33.

AVID argues its tax records are not relevant and Exist fails to provide a credible basis for its speculation that AVID's tax records would indicate what, if any, profits AVID lost as a result of Exist's infringement. *Id.* at 33. AVID argues that in its last case against Exist, it proved actual damages for the profits it would have made had Exist purchased printing paper and printing services from AVID by presenting its price sheets. *Id.* at 34. AVID argues its tax records are not relevant and Exist fails to provide a credible basis for its speculation that AVID's tax records would indicate what, if any, profits AVID lost as a result of Exist's infringement. *Id.* at 33. AVID also argues the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 14-2525-JGB (KKx) | Date | August 18, 2015 |
|---|---|---|---|
| Title | ADVANCED VISUAL IMAGE DESIGN, LLC, dba AVID INK v. EXIST, INC., *et al.* | | |

Request is overbroad in that it seeks tax filings since 2007, since AVID would not have been able to claim any losses in its tax returns because it did not know Exist was infringing its designs until 2012. *Id.* at 36.

AVID correctly notes the public policy in the Ninth Circuit against unnecessary public disclosure of tax returns. *Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir.1975) (The Ninth Circuit has recognized that a "public policy against unnecessary public disclosure [of tax returns] arises from the need, if the tax laws are to function properly, to encourage taxpayers to file complete and accurate returns."). Exist has not established AVID's tax records will provide relevant information to determine AVID or Exist's lost profits resulting from alleged infringement of five designs.

Therefore, the Court **DENIES** Exist's Motion as to Request for Production No. 72.

**8.      Request for Production No. 74.**

Request for Production No. 74 seeks "All financial statements including, but not limited to, profit gain/loss statements, balance sheets, financial reports, financial summaries or any other report or document showing any financial measure, metric, or status of AVID since 2007." (Dkt. 50-12 at 6).

AVID responded to Request No. 74 as follows:
> Plaintiff objects to this request to the extent it seeks information that is shielded from disclosure by the attorney-client privilege, the attorney work product doctrine, the trade secrets privilege, and third party rights to privacy. Plaintiff further objects to the request as vague, ambiguous, and overbroad, and not sufficiently limited in scope and time. Plaintiff objects to this request [as] unduly burdensome and harassing generally and specifically because it seeking the production of documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence and respondin

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 14-2525-JGB (KKx) | Date | August 18, 2015 |
|---|---|---|---|
| Title | ADVANCED VISUAL IMAGE DESIGN, LLC, dba AVID INK v. EXIST, INC., *et al.* | | |

> New Messageg to this request would impose a significant expense on Plaintiff in terms of the man power, time and funds required to collect the requested documents and to review them for privilege. The request seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

(Dkt. 50-13 at 4-5.)

Exist argues AVID put its losses at issue in this case. Exist argues it "has the right to determine and verify Avid's alleged losses through its financial statements, as Avid requested relief for its losses." Joint Stip. at 34.

AVID argues that in its last case against Exist, it proved actual damages for the profits it would have made had Exist purchased printing paper and printing services from AVID by presenting its price sheets. *Id.* at 34, 35. AVID also argues the Request is overbroad in that it seeks financial documents since 2007. *Id.* at 35-36.

In its Supplemental Brief, Exist also argues the financial information is relevant to Exist's calculation of its damages on Exist's Counterclaim. Exist Suppl. Brief at 4-5. Even if Exist chooses to calculate its damages differently from how AVID calculated them at the prior trial, AVID is correct that the Complaint and Counterclaim in this action limit damages to those damages resulting from the alleged infringement. (Dkt. 1 at ¶¶ 34-35; Dkt 36 at 27, ¶¶ 32, 33).

AVID has not shown that all potentially relevant information in its financial records will be produced through some other, less burdensome source. However, the Court agrees with AVID that this Request could be interpreted to be overbroad to the extent it seeks every documents mentioning AVID's financial status and is not limited to financial information relating to the alleged infringement.

Therefore, the Court **GRANTS IN PART AND DENIES IN PART**, Exist's Motion as to Request for Production No. 74. The Request is limited to profit gain/loss statements, balance sheets, financial reports, and financial summaries showing profits and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | EDCV 14-2525-JGB (KKx) | Date | August 18, 2015 |
|---|---|---|---|
| Title | ADVANCED VISUAL IMAGE DESIGN, LLC, dba AVID INK v. EXIST, INC., *et al.* | | |

losses relating to the allegedly infringing designs or resulting from the alleged infringement. The Court also agrees the information may be designated Confidential or Highly Confidential, as appropriate, pursuant to the protective order.

**C.      Sanctions**

In its Supplemental Brief, Exist requests sanctions of $9,400.00 pursuant to Rule 37(a)(5)(A), based on expenses incurred in bringing the instant Motion to Compel. *See* Spielman Suppl. Decl., ¶¶ 6-8.

AVID argues its delayed responses and production are substantially justified because (a) its objections were reasonable, (b) the production was delayed until July 22, 2015, because the Court only granted AVID's Motion for Protective Order on July 17, 2015, and (c) "Plaintiff has experienced a turnover in staff that has made obtaining responsive information a slower process than it may have otherwise been." *See* AVID Opp. Re: Sanctions. AVID also argues Exist's request for attorney fees is unreasonable because (a) the amount of attorney hours is unreasonable based on the number of requests at issue, (b) the hours spent meeting and conferring relate to discovery requests and issues not presented by Exist's Motion, and (c) there is no competent evidence supporting the hours spent by Ms. Valdivieso. *Id.* at 9-10.

Pursuant to Fed. R. Civ. P. 37(a)(5)(C), if a motion is granted in part and denied in part, the court "may . . . apportion the reasonable expenses for the motion." *Id.* A court "must not order" payment of expenses if the objection is substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A).

Applying this standard, the Court finds sanctions are warranted due to AVID's (1) failure to provide complete, explicit responses without boilerplate, conclusory objections, so that Exist could determine whether all documents in AVID's possession, custody and control had been produced, and (2) unjustified delay in producing documents until after the Joint Stipulation had been prepared. However, because the Court has denied the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 14-2525-JGB (KKx) | Date | August 18, 2015 |
|---|---|---|---|
| Title | ADVANCED VISUAL IMAGE DESIGN, LLC, dba AVID INK v. EXIST, INC., *et al.* | | |

Motion in part, and because the Court finds the requested $9,400.00 excessive, sanctions have been apportioned accordingly.[1]

Hence, the Court **GRANTS** Exist's Motion for Sanctions in the amount of $1,000.00.

## VI.
## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel (Dkt. 50) is **GRANTED** as detailed above and as follows.

**AVID is ordered to fully comply with this Order no later than August 28, 2015:**

    a.    AVID shall provide (1) supplemental responses and produce all documents within its knowledge, possession, custody, or control, that are responsive to Requests for Production Nos. 18, 36, 52, 57, 58, and 74; and (2) a log of responsive documents withheld pursuant to the attorney-client privilege or attorney work product doctrine pursuant to Fed. R. Civ. P. 26(b)(5)(A).

    b.    AVID shall pay sanctions to Exist in the amount of $1,000.00.

---

[1] The Court cautions the parties that sanctions are generally mandatory where the motion is granted, or denied in its entirety. Fed. R. Civ. P. 37(a)(5)(A) and (B). Additionally, sanctions are available when the parties fail to adequately comply with the applicable Local Rules (*e.g.* Local Rule 37-1's requirement of an adequate pre-filing conference of counsel). Local Rule 37-4.